UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GREGORY McKENNA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09cv1113 CDP |
| | ) |
| THE ST. LOUIS POLICE DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT APPLE INC.'S
### MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
### PURSUANT TO FED.R.CIV.P. 12(b)(1) AND FED.R.CIV.P. 12(b)(6)

Pro se Plaintiff Gregory McKenna ("Plaintiff") has filed a voluminous Complaint seeking relief from a multitude of defendants. Defendant Apple Inc. ("Apple") has moved to dismiss the claims made against it for lack of jurisdiction and for failure to state a claim. Apple submits this Memorandum in support of its Motion.

### SUMMARY OF ALLEGATIONS

The crux of Plaintiff's claims seems to be that the named defendants conspired amongst themselves in ways that enabled the "Italian Mafia" to allegedly stalk, extort, and torture Plaintiff for almost a decade. Specifically, Plaintiff alleges that some of the defendants, including Apple, implanted "illegal communication devices" in various objects through which the "Italian Mafia" allegedly accomplished its stalking, extorting, and torturing. According to Plaintiff, the "Italian Mafia" set about this alleged course of stalking, extorting, and torturing him because he refused to work as a fashion model for a certain agency specified by them, *i.e.,* Bossmodels located in New York City. *See* Comp., ¶ 2.

Plaintiff's claims against Apple stem from Apple's alleged "manufacturing, distributing and selling illegally bugged iPods and other electronic equipment." (Comp., ¶ 9). More specifically, Plaintiff alleges that: an iPod Shuffle that he purchased on eBay in 2005 had an "illegal receiver" through which the "Mafia proceeded to transmit extortion threats and audible harassment" (Comp., ¶ 19; *see also* id. at ¶¶ 77-78); a "new iPod Mini" that he purchased at an Apple Store in 2006 had an "illegal receiver" through which "Mafia members proceeded to generate death threats and harassment" (id. at ¶ 20; *see also* id. at ¶¶ 165); when he played certain songs the words "herpes" and "ahh" were transmitted through an Apple iBook G4 computer and an Apple PowerBook G4 (id. at ¶ 153); an iPod Touch he purchased at an Apple Store in 2009 "generate[d] death threats stating, 'I'm about to kill him'" (id. at ¶ 179); and an iPod Nano he purchased at an Apple Store in 2009 was "bugged" so as to allow "death threats" to be transmitted to him (id. at ¶ 181).

Accordingly to Plaintiff, the death threats he received through his Apple-manufactured devices were generated in "unison" or in "tune" with songs. Id. at ¶¶ 21, 153, 155, 157, 180, 190. Some of the threats were transmitted to him while he was "flying 300,000 feet in the air from Chicago to Los Angeles on his American Airlines flight." Id. at ¶ 190. Apple is alleged to have manufactured the specific iPods and computers which Plaintiff owns with "illegal communication devices" and "bugs" in an intentional scheme to "perpetuate" and "abet" the stalking, extorting, and torturing which the "Mafia" was directing to him. Id. at ¶¶ 202(D); 208(D), 220(D), 235(D), 251(D).

## ARGUMENT

**A. DISMISSAL UNDER FED.R.CIV.P. 12(B)(1) IS WARRANTED BECAUSE THIS COURT HAS NO JURISDICTION OF PLAINTIFF'S FICTITIOUS AND IMPLAUSIBLE CLAIMS.**

Plaintiff purports to invoke this Court's federal question jurisdiction.[1] *See* Comp., ¶ 35. The United States Supreme Court has repeatedly indicated that federal question jurisdiction does not exist when a plaintiff's claims are "so attenuated and unsubstantial as to be devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal quotations and citations omitted); *see also* Ashcroft v. Iqbal, -- U.S. --, 129 S.Ct. 1937, 1949-50 (2009) (stating that a claim must be "plausible on its face" to survive dismissal); Id. at 1059 (Souter, J. dissenting) (noting that the rule that a court must take allegations as true does not apply to "allegations that are sufficiently fantastic to defy reality as we know it"); Newburyport Water Co. v. City of Newburyport, 193 U.S. 561, 576 (1904) ("[I]t is settled that jurisdiction does not arise simply because an averment is made as to the existence of a constitutional question, if it plainly appears that such averment is not real and substantial, but is without color or merit").

The claims Plaintiff makes against Apple in this case are not plausible; in fact, they are the exact type of claims that are "so attenuated and unsubstantial as to be devoid of merit" which the Supreme Court talked about in Hagans. 415 U.S. at 536-37. Plaintiff's claims against Apple are based on the notion that Apple implanted "communication devices" into the specific products that Plaintiff purchased off a store shelf (or, in one instance, over the internet from a third party), and that Apple allegedly did so in an effort to aid and assist the "Italian Mafia" with an alleged

---

[1] The allegations of Plaintiff's Complaint make clear that he could not attempt to invoke this Court's diversity jurisdiction because both he and Apple are citizens of the State of California. *See* Comp., ¶¶ 24, 32.

stalking and torture scheme. Plaintiff's allegations that Apple would join together with a local police department, an auto repair shop, and the FBI to help the "Italian Mafia" force Plaintiff to be a fashion model in New York City simply lack the degree of plausibility necessary for this Court to exercise its federal question jurisdiction.

In a case making allegations similar to those made by Plaintiff here, the United States District Court for the District of Columbia found jurisdiction was lacking. *See* <u>Curran v. Holder</u>, 626 F.Supp.2d 30 (D.C. 2009). In <u>Curran</u>, the pro se plaintiff filed suit against various federal and state government officials alleging that they conspired together to systematically harass and surveil her for more than 10 years. 626 F.Supp.2d at 31, 33-34. The <u>Curran</u> court dismissed the plaintiff's claims for lack of jurisdiction, noting:

> Claims that are essentially fictitious include those that allege bizarre conspiracy theories, any fantastic government manipulations of their will or mind or any sort of supernatural intervention … Plaintiff's claims relating to alleged government surveillance and harassment of her are the type of 'bizarre conspiracy theory' that warrant dismissal under Rule 12(b)(1).

<u>Id.</u> at 33 (internal quotations and citations omitted); *see also* <u>Best v. Kelly</u>, 39 F.3d 328 (D.C. Cir. 1994) (holding that the plaintiffs' claims should not have been dismissed under Rule 12(b)(1) because they did not suggest "any bizarre conspiracy theories, any fantastic government manipulations of their will or mind, [or] any sort of supernatural intervention").

The claims Plaintiff makes here require the Court to believe that unrelated government agencies, private entities, and individuals employed in the law enforcement field allegedly colluded with an organized crime group in its efforts to force Plaintiff to work as a "fashion model" for a specific modeling agency. Plaintiff's claims are implausible. Accordingly, dismissal under Rule 12(b)(1) is proper.

**B. PLAINTIFF'S CLAIMS MUST BE DISMISSED UNDER FED.R.CIV.P. 12(B)(6) BECAUSE THE COMPLAINT IS DEVOID OF ANY SHORT AND PLAIN STATEMENT ENTITLING PLAINTIFF TO RELIEF.**

In the event this Court finds that it has jurisdiction to entertain the claims pleaded by Plaintiff, the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it violates Rule 8(a) of those Rules.

Rule 8(a) mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Plaintiff's Complaint fails to comply with this Rule. Plaintiff's Complaint is 123 pages long, and it is verbose, repetitious, and full of statements that are irrelevant to Plaintiff's claims. For example, Plaintiff sets forth facts about "Kelly Jackowski and Dan O'Brien" who allegedly moved into a house across the street from him, after which he heard "drilling noises." (Comp. ¶ 38). Plaintiff however, never ties these allegations to any claim or any defendant. The same is true of Plaintiff's allegations of events happening when he met with "the St. Louis Catholic Church's vocations director, Father Michael Butler" (Comp. ¶ 62), the alleged "murder" of "Washington" (id. at ¶ 84), and the dismissal of a prior lawsuit by "Judge Sherry" (id. at ¶¶ 162-65).

When, like here, a complaint contains irrelevant allegations and is so lengthy as to provide no meaningful basis for evaluation, dismissal under Rule 12(b)(6) is proper. *See, e.g.,* Chinea-Varela v. Columbia Broadcasting Systems, Inc., 2001 WL 137246, *1 (9th Cir. 2001) ("We agree with the district court that Varela's verbose, lengthy and convoluted complaint violated the requirements of Fed.R.Civ.P. 8(a)"); Gonzales v. Wing, 167 F.R.D. 352, 354 (N.D.N.Y. 1996) (dismissing complaint for violating Rule 8(a) because it was "incredibly dense and verbose, containing so many factual averments of such specificity that it is impossible to discern which facts support, or are even relevant to, which claims").

## CONCLUSION

For the reasons outlined herein, Defendant Apple Inc. respectfully requests that this Court dismiss the Complaint filed by Plaintiff Gregory McKenna for lack of jurisdiction, or, alternatively, for failure to state a claim for relief.

Respectfully submitted,

**THOMPSON COBURN LLP**

/s/ Kathy A. Wisniewski
Kathy A. Wisniewski
kwisniewski@thompsoncoburn.com
John W. Rogers
jrogers@thompsoncoburn.com
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000
(314) 552-7000 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of October, 2009, a true and accurate copy of Defendant Apple Inc.'s Memorandum in Support of its Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6) was forwarded, via first-class mail, postage prepaid, to:

Gregory McKenna
9937 Young Drive, H
Beverly Hills, CA  90212

/s/ Kathy A. Wisniewski