UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GREGORY MCKENNA <br><br> Plaintiff, <br><br> vs. <br><br> THE ST. LOUIS COUNTY POLICE DEPARTMENT, ET AL. <br><br> Defendants. | Cause No.    4:09-cv-01113-CDP |

### DEFENDANT D'ANGELO AUTOMOTIVE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)

As Defendant Apple Inc. has previously setout in its Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Pro Se Plaintiff Gregory McKenna ("Plaintiff") has filed a voluminous Complaint seeking relief from a multitude of Defendants. Like Defendant Apple Inc., Defendant D'Angelo Automotive ("D'Angelo") moves to dismiss the claims made against it for lack of jurisdiction and for failure to state a claim. D'Angelo submits the Memorandum in Support of its Motion.

### SUMMARY OF ALLEGATIONS

The crux of Plaintiff's claims seems to be that the named Defendants conspired among themselves in ways that enabled the "Italian Mafia" to allegedly stalk, extort, and torture Plaintiff for almost a decade. Plaintiff alleges that some of the Defendants and planted "illegal communications devices" in various objects through which the "Italian Mafia" alleges accomplished its stalking, extorting and torturing. According to Plaintiff,

1

the "Italian Mafia" set about this alleged course of stalking, extorting and torturing because Plaintiff refused to work as a fashion model for a certain agency specified by them, i.e., Bossmodels located in New York City. *See* Complaint, ¶ 2 with regard to D'Angelo, Plaintiff states that Plaintiff took his 1998 Audi A4 Quatro to D'Angelo on or about January 17, 2007 to determine the cause of a loud noise. *See* Complaint, ¶ 139. According to Plaintiff, Defendant D'Angelo diagnosed the cause of the loud noise was a loose wheel bearing on the rear passenger side. *Id.* at ¶ 140. Apparently, the removal and repair of the loose wheel bearing did not resolve the noise complaints. *Id.* Essentially, it appears from Plaintiff's Complaint that he is alleging that D'Angelo failed to repair the loud noises, thereby perpetuating the "Italian Mafia" harassment. Further D'Angelo is alleged to have concealed facts and misdiagnosed Plaintiff's 1998 Audi as having a loose wheel bearing in an intentional scheme to "prevent Plaintiff from discovering the original harassment coming from illegal communication devices" and "stalk and harass and obstruct any investigation perpetuated by the Mafia." *Id.* at ¶¶ 202 (C); C; 214-218; 224 (C); 229 (C); 235 (C); 244 (B); 251 (C); 254-257 (C) 268 (B).

## ARGUMENT

### I. DISMISSAL UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) IS WARRANTED BECAUSE THIS COURT HAS NO JURISDICTION OF PLAINTIFF'S FICTICIOUS AND IMPLAUSIBLE CLAIMS

Plaintiff purports to invoke this Court's federal question jurisdiction. *See* Complaint, ¶ 35. The Supreme Court has indicated that federal question jurisdiction does not exist when a Plaintiff's claims are in "so attenuated and unsubstantial as to be devoid of merit, wholly in substantial, obviously frivolous, plainly unsubstantial, or no longer open to discuss." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("omitted"); *See also*

2

*Ashcroft v. Iqubal*, 129 S.Ct. 1937, 1949-50 (2009) (stating that a claim must be "plausible in its face" to survive this dismissal;" *Id.* at 1059 (Souter, J. dissenting) (noting that the rule that a Court must take allegations as true does not apply to "allegations that are sufficiently fantastic to defy reality as we know it;" *Newburyport Water Co. v. City of Newburyport*, 193 U.S. 561, 576 (1904) ("It is settled that jurisdiction does not arise simply because an averment is made as to the existence of a constitutional question, if it plainly appears that such averment is not real and substantial, but is without color or merit").

The claims Plaintiff makes against D'Angelo in this case are not plausible; in fact, they are the exact type of claims that are "so attenuated and unsubstantial as to be devoid of merit" which the Supreme Court talked about in *Hagans*. 15 U.S. at 536-37. As mentioned, Plaintiff's claims against D'Angelo are based on the notion that D'Angelo perpetuated the Mafia conspiracy theory by failing to repair the loud noise in his 1998 Audi vehicle. Notably, this loud noise persisted prior to the Plaintiff bringing the vehicle to D'Angelo for repair. According to Plaintiff, this failure to repair somehow "aided" and "assisted" the "Italian Mafia" with the alleged stalking and torture scheme. Simply makes no sense. Plaintiff's allegations lack any degree of plausibility necessary for this Court to exercise Federal question jurisdiction.

As cited to in Apple's Inc.'s Motion to Dismiss, Plaintiff's case makes allegations similar to those made in *Curran v. Holder*, 636 F.Supp.2d 30 (D.C. 2009). In *Curran*, the District Court for the District of Columbia found jurisdiction was lacking. Specifically in that case, the pros se Plaintiff filed a suit against various federal and state government officials alleging that they conspired together to systematically harass and surveil

3

Plaintiff for more than 10 years. *Id.* at 31, 33-34. The *Curran* Court dismissed Plaintiff's claim for lack of jurisdiction, noting:

> Claims that are essentially fictitious include those that allege bizarre conspiracy theories, any fantastic government manipulations of their will or mind or any sort of supernatural intervention . . . Plaintiff's relating to alleged government surveillance and harassment of her at the type of "bizarre conspiracy theory" that warrant dismissal under Rule 12(b)(1).

*Id.* at 33; see also *Best v. Kelly*, 39 F.3d 328 (D.C. Cir. 1994) (holding that the Plaintiffs' claims should not have been dismissed under Rule 12(b)(1) because they did not suggest "any bizarre conspiracy theories, any fantastic government manipulation of their will or mind, or any sort of supernatural intervention.")

As mentioned, the claims Plaintiff makes here require the Court to believe that unrelated governmental agencies, private entities, and individuals employed in the law enforcement field allegedly colluded with an organized crime group in its efforts to force Plaintiff to work as a "fashion model" for a specific modeling agency. Plaintiff's claims are implausible. Accordingly, dismissal under Rule 12(b)(1) is proper.

## II. PLAINTIFF'S CLAIM MUST BE DISMISSED UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) BECAUSE THE COMPLAINT IS DEVOID OF ANY SHORT AND PLAIN STATEMENT ENTITLING PLAINTIFF TO RELIEF

In the event this Court finds that it has jurisdiction to entertain the claims plead by Plaintiff, the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it violates Rule 8(a) of those rules. Rule 8(a) mandates that a claim contained "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Plaintiff's Complaint fails to comply with this Rule. Plaintiff's Complaint is 123 pages long, and is verbose, repetitious and full of statements that are irrelevant to Plaintiff's claims. Defendant Apple has previously set

out a similar argument including examples of said claims. Specifically as it relates to D'Angelo, Plaintiff fails to make any concise statement which would purport to show how Defendant D'Angelo somehow perpetuated the "Italian Mafia" conspiracy. He simply states that Defendant D'Angelo failed to repair a loud noise in his 1198 Audi A4 vehicle, which existed prior to him bringing the vehicle to D'Angelo. Further, there is absolutely no allegations which link D'Angelo in any way to any suggestion of the plausibility of the claim that there is an "Italian Mafia" and effectively a conspiracy.

When, like here, a Complaint contains irrelevant allegations and is so lengthy as to provide no meaningful basis for evaluation, dismissal under Rule 12(b)(6) is proper. *See, e.g., Chinea-Varela v. Columbia Broadcasting Systems, Inc.*, 2001 WL 137246, *1 (9th Cir. 2001) ("We agree with the district court that Varela's verbose, lengthy and convoluted complaint violated the requirements of Fed.R.Civ.P 8(a)"); *Gonzalez v. Wing*, 167 F.R.D. 352, 354 (N.D.N.Y. 1996) (dismissing complaint for violating Rule 8(a) because it was "incredibly dense and verbose, containing so many factual averments of such specificity that it is impossible to discern which facts support, or are even relevant to, which claims.")

## CONCLUSION

For the reasons outlined herein, Defendant D'Angelo Automotive, Inc. respectfully requests that this Court dismiss the Complaint filed by Plaintiff Gregory McKenna for lack of jurisdiction, or in the alternative for failure to state a claim for relief and grant D'Angelo all other appropriate relief.

5

CHILDRESS AHLHEIM CARY LLC

BY:    /s/ THOMAS J. LEWIS
      THOMAS J. LEWIS – # 529681
      1010 Market St., Suite 500
      St. Louis, MO 63101
      (314) 621-9800
      (314) 621-9802 (fax)
      tlewis@jchildresslaw.com
      Attorney for Defendant D'Angelo Automotive

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy was filed electronically with the Clerk of the Court using the ECF system which constitutes service on the following and mailed a copy on this 12th of October, 2009:

Mr. Gregory McKenna
9937 Young Drive
Apartment H
Beverly Hills, CA 90212

Ms. Kathy Wisniewski
Mr. John Rogers
Thompson Coburn LLP
One U.S. Bank Plaza
St. Louis, MO 63101
kwisniewski@thompsoncoburn.com
jrogers@thompsoncoburn.com
Attorney for Apple, Inc.

                                                /s/ THOMAS J. LEWIS