4:09CV1113 CDP

# United States District Court
## EASTERN DISTRICT OF MISSOURI

GREGORY MCKENNA,

    Plaintiff

    Vs.

THE ST. LOUIS COUNTY POLICE DEPARTMENT,
OFFICERS CHARLES BOSCHERT, KENNETH
WILLIAMS, 8 UNKNOWN AGENTS OF THE
FEDERAL BUREAU OF INVESTIGATION,
MARK KAPPELHOFF, APPLE INC., A-1
PRIVATE INVESTIGATIONS, TIMOTHY
BONINE, D'ANGELO AUTOMOTIVE,

    Defendants

**JURY DEMANDED**

---

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Pursuant to Federal Rules of Civil Procedure Rule 65(b), pro se Plaintiff Gregory McKenna respectfully submits this memorandum in support of his emergency motion for temporary restraining order (TRO) of Defendants the FBI and the St. Louis County Police Department's (STLPD) refusal to enforce the US Crime Victims' Rights Act (18 USC 3771), the Communications Act (18 USC 2520), Misprision of Felony (18 USC 4), Treason (18 USC 2381), Federal Interstate Stalking (18 USC 2261A), Aggravated Stalking (RSMo 565.225(5)), and others. Plaintiff seeks this injunction to prevent the Defendants and others from willfully and knowingly allowing the Italian Mafia to stalk, extort, exact, and otherwise violate Plaintiff's constitutionally protected rights and liberties. The Defendants have willfully refused to enforce US laws and statutes and denied Plaintiff's request for protection of his constitutional rights

despite knowledge of the crimes so as to intentionally neglect Plaintiff's rights, violate statutes, and perpetuate a treason conspiracy designed against the United States. Effectively, the Defendants will make no representation to prevent the continued criminal activity, constitutional rights violations, and maintain the status quo for any period of time.

The injunction is necessary for law enforcement officials to perform their duty to protect the Plaintiff, the Court, witnesses, and others from the severe witness tampering and bribery, identify Mafia conspirators, make arrests, and end the stalking, extortion, and torture. A TRO is also urgently needed to avoid irreparable injury suffered by the Plaintiff for the constitutional and statutory rights violations that occur on a daily basis. Even if the Plaintiff were to wait for a preliminary injunction to be issued, justice would be meaningless unless a TRO is granted since Defendants the STLPD, FBI, and others have made no effort to protect Plaintiff's statutory and constitutionally protected rights despite knowledge of the crimes so as to intentionally perpetuate the Mafia conspiracy in Court. Therefore, an injunction is appropriate here to restore and maintain the status quo.

**Plaintiff's Complaint Alleges Statutory And Constitutional Right Violations That Prove Irreparable Injuries Based On Evidence**

When Police officers violate "clearly established statutory or constitutional rights" of which a "reasonable person" would have known they are subject to liability for civil damages. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Plaintiff's Complaint clearly states that the Defendants are willfully and knowingly violating, "Plaintiff's constitutional right to peacefully assemble, freedom from cruel and unusual punishment, liberty,

2

privacy, and others enumerated in the First, Fourth, Eighth, and Fourteenth Amendments and laws of the United States" (*see Plaintiff's Complaint*, p.79, paragraph 195(A)). Evidence of the Defendants' deliberate neglect is based on their refusal to enforce the laws despite probable cause of, "Plaintiff's testimony, positive bug sweep confirmations, witness' testimonies of damages and injuries caused by the Mafia crimes, recordings of death threats, audio and video recordings of harassment from illegal communication devices, bugged equipment, and other evidence" (*Id.* at p.80, paragraph 196(A)). Therefore, since Police officers have a "statutorily imposed duty to enforce the laws equally and fairly" (*quoting Smith v. Ross*, 482 F.2d 33, 36 (6th Cir. 1973)), and the Defendants are knowingly refusing to perform their duty to enforce the laws, a TRO should be granted.

In any event, the Court should grant a TRO on an application by Plaintiff for Police and FBI action. The first-degree assault caused by the Mafia's use of illegal communication devices or sonic weaponry used to inflict sadistic ritual abuse places Plaintiff and others in risk of serious danger and even death. Currently, the Mafia's use of illegal communication devices are being used to transmit death threats, harassment, and torture from St. Louis to Los Angeles via satellite radio communication. Case law has established that injunction is appropriate when the Communications Act of 1934 is violated. Particularly, injunctive relief barring a radio station operator from making radio transmissions within the United States without a Federal Communications Commission (FCC) license was warranted in light of operator's refusal to acknowledge requirements of FCC license and his continued operation of radio station without license. Communications Act of 1934, § 301, 47 U.S.C.A. § 301. *U.S. v. Butterfield*, 91

3

F.Supp.2d 704, (D.Vt. 2000). Clearly, Plaintiff has presented a case with identical circumstances where Mafia members are using illegal radio communications to transmit death threats, extortion, torture, and other audible harassment. Accordingly, an order of injunction is necessary to maintain the status quo.

### III. Plaintiff's Proposed Investigation

Although the Defendants have unlawfully perpetuated the Mafia conspiracy, an investigation is warranted to immediately end the stalking, extortion, and exaction conspiracy. Accordingly, the following proposal for an investigation would effectively end irreparable injuries being suffered by the Plaintiff:

1) Investigate the conduct of the Defendants to determine if statutory and constitutional rights were knowingly violated and initiate a criminal investigation.

2) On a finding of probable cause, issue a search warrant of Plaintiff's St. Louis and Los Angeles residences, workplace, church, government offices, and other places where illegal communication devices are being used by Mafia to stalk, extort, and torture Plaintiff;

3) Employ the method of "radio direction finding" using Government technology to trace received radio frequencies and discover the location of the Mafia members. The method of radio direction finding will identify the quadrants of the received signals and allow the Government to make arrests of Mafia perpetrators.

4

4) Interrogate witnesses and suspects using the polygraph;

5) Order Defendant APPLE INC. to supply Plaintiff with a non-bugged iPod Touch, Nano, and other APPLE equipment he purchased to sustain his constitutional right to property, liberty, privacy, and others, and end the Mafia's use of illegal communication devices; and

6) In accord with the Crime Victims' Rights Act, grant Plaintiff's reasonable protection from the Mafia until the investigation and trial is over.

The said methods will immediately end the Mafia crimes, prevent Plaintiff's rights from being violated, end irreparable injuries caused by the Defendants, and maintain the status quo.

## Conclusion

Plaintiff is clearly suffering permanent and irreparable injuries caused by the Defendants' malicious neglect and refusal to enforce the US Crime Victims' Rights Act, the Communications Act of 1934, the Constitution, and other US statutes and laws. Plaintiff has waited to notify adverse parties of his motion for preliminary injunction, however, Plaintiff continues to suffer irreparable injury. In the meantime, the Defendants continue to criminally neglect enforcement of US statutes and laws so as to intentionally allow the Mafia conspiracy to perpetuate in Court. As such, concurrent with Rule 65(b)(1) and (3), Plaintiff requests that this Court order an emergency TRO without notice to the adverse parties to help maintain the status quo and expedite an end to irreparable injuries being suffered by the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court grant his Motion for Preliminary Injunction to enjoin the Defendants' in a preliminary injunction to initiate enforcement of the US Crime Victims' Rights Act, the Communication Act of 1934, the Constitution, and other statutes and laws of the United States that will help maintain the status quo. Plaintiff also requests that this Court grant Plaintiff all other appropriate relief.

October 8, 2009

Respectfully Submitted,

*[signature]*

Gregory McKenna

Pro Se Plaintiff

9937 Young Drive, H

Beverly Hills, CA 90212

(310) 213-8851



Gregory McKenzie
9437 Yours Dr., #4
Beverly Hills, CA 90212

Federal District Court
Attn: Judge Catherine Perry
111 South 10th Street,
St. Louis, MO 63102

RECEIVED BY MAIL
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
OCT 1 8 2009
ST. LOUIS