UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY MCKENNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1113 CDP |
| ) | |
| ST. LOUIS COUNTY ) | |
| POLICE DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Gregory McKenna has moved for a temporary restraining order against defendants, Unknown Agents of the Federal Bureau of Investigation and the St. Louis County Police Department. Plaintiff brings this *pro se* action against various defendants, alleging that they conspired amongst themselves to aid the Mafia to allegedly stalk, extort, and torture plaintiff. Plaintiff seeks a temporary restraining order against unknown agents of the Federal Bureau of Investigation and the St. Louis County Police Department, asking the court to "prevent Defendants and others from willfully and knowingly allowing the Italian Mafia to stalk, torture, exact, and otherwise violate Plaintiff's constitutionally protected rights and liabilities." Plaintiff's motion will be denied.

Within the Eighth Circuit, there are four factors for determining whether a temporary restraining order should be issued, which are "(1) the threat of

irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). The burden of proving that the relief should be awarded rests entirely on the movant. *Goff v. Harper*, 60 F.ed 518, 520 (8th Cir. 1995).

Plaintiff's conclusory motion will be denied because it is unlikely that he will succeed on the merits. *See Dataphase*, 640 F.2d at 113. Plaintiff's allegations against defendants, unknown agents of the FBI and the St. Louis County Police Department, are vague and unsubstantiated and do not entitle plaintiff to immediate, extraordinary relief. It is unlikely that plaintiff will ultimately be able to prove that the defendants conspired to aid the Mafia to stalk, torture, and extort him, and he adduces no evidence in his motion supporting his claims.

Defendants Apple, Inc. and D'Angelo Automotive have also moved to dismiss plaintiff's claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). To date, plaintiff has not responded in opposition to these motions. Accordingly, I will order plaintiff to show cause in writing why defendants' motions should not be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for temporary restraining order [#13] is denied.

**IT IS FURTHER ORDERED** that plaintiff shall show cause in writing no later than **Wednesday, November 3, 2009**, why defendant Apple, Inc.'s motion to dismiss [#8] and defendant D'Angelo Automotive's motion to dismiss [#11] should not be granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of October, 2009.