RECEIVED
BY MAIL
OCT 2 6 2009
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

United States District Court

EASTERN DISTRICT OF MISSOURI

GREGORY MCKENNA,

    Plaintiff

    Vs.

THE ST. LOUIS COUNTY POLICE DEPARTMENT,
OFFICERS CHARLES BOSCHERT, KENNETH
WILLIAMS, 8 UNKNOWN AGENTS OF THE
FEDERAL BUREAU OF INVESTIGATION,
MARK KAPPELHOFF, APPLE INC., A-1
PRIVATE INVESTIGATIONS, TIMOTHY
BONINE, D'ANGELO AUTOMOTIVE,

    Defendants

Case No. 4:09cv1113CDP

JURY DEMANDED

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S

## EMERGENCY MOTION FOR AN INJUNCTION

Pro se Plaintiff Gregory McKenna respectfully submits this memorandum in support of his emergency motion for preliminary injunction of Defendants the FBI, United States Department of Justice (USDOJ), and the St. Louis County Police Department's (STLPD) enforcement of the US Crime Victims' Rights Act (18 USC 3771), the Communications Act (18 USC 2520), Action to Compel an Officer to Perform His Duty (28 USC 1361), the Constitution, and other laws and statutes of the United States. Plaintiff seeks this injunction to prevent the Defendants and others from willfully and knowingly allowing the Italian Mafia to stalk, extort, exact, and otherwise violate Plaintiff's constitutionally protected rights and liberties. The Defendants have willfully refused to enforce US laws and statutes and Plaintiff's request for

protection of his constitutional rights despite knowledge of the crimes so as to intentionally neglect Plaintiff's rights and perpetuate a treason conspiracy against the United States. Effectively, the Defendants will make no representation to prevent the continued criminal activity, constitutional rights violations, and maintain the status quo for any period of time.

The injunction is necessary to protect the Plaintiff, witnesses, and others from the severe witness tampering, bribery, identify Mafia conspirators, make arrests, and end the stalking, extortion, and torture. An injunction is also urgently needed to avoid irreparable harm done to Plaintiff for the Mafia crimes, statutory violations, and constitutional rights violations that occur on a daily basis. Even if the Plaintiff were to win the case at trial, justice would be meaningless unless an emergency injunction is granted since other States, municipalities, agencies, companies, and citizens are incurring liability for Plaintiff's irreparable injuries as the Mafia crimes continue. Therefore, an injunction is appropriate here to restore and maintain the status quo.

## I. The Plaintiff Satisfies the Eighth Circuit's Test For An Injunction

The Eighth Circuit applies a four-factor test to evaluate a request for an injunction relief. *See Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 112-14 (8th Cir.1981)*. Those four factors are:

(1) the likelihood the moving party will prevail on the merits;

(2) the prospect of irreparable injury to the moving party if relief is withheld;

(3) the possibility of harm to other parties if relief is granted; and

(4) the public interest.

See *id.* at 112-14. The court balances the four factors to determine whether injunctive relief is warranted. See *Northland Ins. Cos. v. Blaylock,* 115 F.Supp.2d 1108, 1116 (D.Minn.2000). The court considers the particular circumstances of each case, remembering that the primary question is whether the "balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." See *Dataphase,* 640 F.2d at 113.

### A. Serious Legal Questions Are Present In This Case

From the beginning, the Plaintiff has stressed that this case presents major issues regarding violations of federal statutes, his constitutional rights, and laws of the United States. The underlying issue of the unlawful violations is that the Defendants are willfully and knowingly aiding and abetting an Italian Mafia stalking, extortion, and torture conspiracy by refusing to enforce the US Crime Victim's Rights Act, Communications Act of 1934, the Constitution, and laws of the United States. The primary issues are as follows:

1. The Plaintiff is a victim of Mafia stalking, extortion, and exaction that continues to the present day. The primary means by which the crimes are being committed is by the Mafia using illegal communication devices to inflict death threats, harassment, and torture via satellite radio from St. Louis, Missouri to his residence in Los Angeles, California. Plaintiff proved the existence of illegal communication devices in recordings of death threats and harassment from

3

the devices, positive confirmations of bug sweeps conducted by private investigators at his St. Louis and Los Angeles residences, positive confirmations of telephone tap tests using state of the art technology that prove with 100% certainty that Plaintiff's telephone line is illegally tapped, Defendant APPLE INC.'s manufacturing Plaintiff's audio players with illegal receivers to allow the transmitting of death threats, the existing conspiracy designed to neglect Plaintiff's rights and perpetuate the use of the devices, and other evidence.

2. The Mafia's criminal acts violate Plaintiff's First, Fourth, Eighth, and Fourteenth Amendment rights. Specifically, the Mafia crimes occurring on public and private property, such as in his home, church, workplace, Government offices, and other venues constitute violations of Plaintiff's right to peacefully assemble (First Amendment), right to privacy (Fourth and Fourteenth Amendment), right to freedom from cruel and unusual punishment (Eighth Amendment), right to liberty (Fourteenth Amendment), right to Due Process, and others.

3. The Defendants the STLPD, FBI, USDOJ, Boschert, Williams, Unknown FBI Agents, Kappelhoff, and others are intentionally denying Plaintiff protection of the laws. "Police action is subject to [remedies at law] whether in the form of commission of violative acts or omission to perform required acts pursuant to the police officer's duty to protect" *Thurman v. City of Torrington*, 595 F. Supp. 1527 (D. Conn. 1984). Moreover, because the Court recognizes that the Due Process Clause of the Constitution forbids deliberate, unauthorized deprivations (*see Davidson v. Cannon*, 474 U.S. 350 (1985)), and the Defendants are refusing to perform their statutory duty to enforce the laws despite knowledge of the crimes, the Plaintiff's Fourteenth Amendment right is being violated. (*quoting Justice Brennan*: "Official conduct which causes

4

personal injury due to recklessness or deliberate indifference, does deprive the victim of liberty within the meaning of the Fourteenth Amendment").

4. The Defendants' willful decision to deny Plaintiff protection of the laws despite knowledge of the continuing crimes violates criminal statutes that entitle Plaintiff to relief. A list of criminal statute violations caused by the Defendants' malicious neglect of clearly established laws that entitle Plaintiff relief are as follows: Aiding and Abetting (18 USC 2), Accessory After the Fact (18 USC 3), Misprision of Felony (18 USC 4), Conspiracy Against Rights (18 USC 241), Conspiracy to Commit Offense or Defraud the United States of America (18 USC 371), Torture (18 USC 2340), Treason (18 USC 2381), Misprision of Treason (18 USC 2382), Federal Interstate Stalking (18 USC 2261A), Criminal Negligence (RSMo 562.016)(5)), Aggravated Stalking (RSMo 565.225(5)), and others. The Defendants' unlawful and malicious neglect done in furtherance of the Mafia crimes constitute violations of Plaintiff's First, Fourth, Eighth, and Fourteenth Amendment rights.

5. In addition to committing several constitutional rights and statutory violations, the Defendants refuse to enforce the US Crime Victim's Rights Act (18 USC § 3771), the Communications Act of 1934 (18 USC § 2381), and others. The statutory violations that afford Plaintiff the right to be reasonably protected as a crime victim are sufficient to grant Plaintiff an injunction and other remedies at law.

### B. Serious Legal Questions Are Apparent Based On A Reasonable Person Standard

The Defendants' unlawful refusal to enforce the laws and protect the Plaintiff from the

5

Mafia crimes is sufficient for an injunction. In the first place, when Police officers violate "clearly established statutory or constitutional rights" of which a "reasonable person" would have known they are subject to liability for civil damages. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). For a law to be clearly established, it is only necessary that the unlawfulness of the officers' actions be apparent in light of preexisting law. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Concurrent with preexisting law, Police officers have an affirmative duty to enforce the law, and are lawfully obligated to prevent fellow officers from violating a citizen's constitutional rights. Where he fails to do so, the observing officer is jointly liable to the victim. *Gagnon v. Ball*, 696 F.2d 17 (2nd Cir.1982); *Ware v. Reed*, 709 F.2d 345, 353 (5th Cir.1983); *Archie v. Racine*, 826 F.2d 480 (7th Cir.1987); *Bruner v. Dunaway*, 684 F.2d 422, 426 (6th Cir.1982); *cert. denied* 459 U.S. 1171, 103 S. Ct. 816, 74 L. Ed. 2d 1014 (1983). Accordingly, an injunction is necessary since probable cause exists indicating the Defendants refuse to perform their duty to enforce the laws despite clearly established statutory and constitutional violations known to a reasonable person.

### C. The Balance Of Equities Weigh Heavily In Favor Of An Injunction

#### 1. The Plaintiff Will Be Irreparably Harmed If An Injunction Is Not Granted

A failure to grant an injunction would cause serious and permanent harm to the Plaintiff. In the first place, the Defendants have refused to enforce statutory laws such as the US Crime Victims' Rights Act (18 USC § 3771), the Communications Act of 1934 (18 USC § 2511), Misprision of Felony (18 USC 4), and other statutes. Where allegedly violated statutes are enacted to protect public interest and itself authorizes injunctive relief, a movant seeking

6

injunction need not show irreparable harm, and court need not balance interests of parties; a movant must only demonstrate that Defendant violated a statute and that there is some cognizable danger of recurrent violation. *U.S./F.C.C. v. Waterbury Hispanic Communications, Inc.,* 109 F.Supp.2d 80, (D.Conn. 1999). Injunctions issued as relief for violations of a federal statute are subject to less stringent scrutiny than injunctions issued as relief for violations of common law. *U.S. v. Scott,* 958 F.Supp. 761, (D.Conn. 1997). In actions for statutory injunctions, moving party need only show that probable cause exists to believe that statute in question is being violated and that there is some reasonable likelihood of future violation; no specific or immediate showing of precise way in which violations of law will result in public harm is required. *U.S. v. Richlyn Laboratories, Inc.,* 827 F.Supp. 1145, (E.D.Pa. 1992). Accordingly, because the Defendants have wrongfully refused enforcement of the US Crime Victims' Rights Act, the Communications Act, and others, and because probable cause exists that indicates statutory violations are recurring, an injunction should be issued to maintain the status quo.

In addition to Plaintiff's statutory rights being violated, injunctive relief is available when constitutional rights are being violated, regardless of a damages remedy at law. *National Organization For Reform of Marijuana Laws (NORML) v. Mullen,* 608 F.Supp. 945, (N.D.Cal. 1985). To establish a constitutional rights violation, a district court may consider hearsay in deciding whether to issue a preliminary injunction. *Republic of the Philippines v. Marcos,* 862 F.2d 1355, 1363 (9th Cir.1988) (en banc); *see also Flynt Distrib. Co. v. Harvey,* 734 F.2d 1389, 1394 (9th Cir.1984) ("The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial."). Accordingly, Plaintiff's Complaint clearly states that the Defendants are knowingly violating, "Plaintiff's constitutional

7

right to peacefully assemble, freedom from cruel and unusual punishment, liberty, privacy, and others enumerated in the First, Fourth, Eighth, and Fourteenth Amendments and laws of the United States" (*See Plaintiff's Complaint*, p.79, paragraph 195(A)). Concurrently, because Plaintiff has alleged constitutional rights violations of his First, Fourth, Eighth, and Fourteenth Amendment rights for the Mafia stalking, extortion, and exaction conspiracy, the element of irreparable injury is sufficiently established.

The Court recognizes that the Constitution forbids deliberate, unauthorized deprivations (*quoting Justice Easterbrook* in *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988)). The Defendants' deliberate deprivation of Plaintiff's rights is evident in Plaintiff's efforts to initiate a criminal investigation for the Mafia stalking, the Defendants' blatant refusal to enforce the laws, and the extensive briefs filed. Additionally, evidence of the Defendants' deliberate neglect is based on their refusal to enforce the laws despite knowledge of, "Plaintiff's testimony, positive bug sweep confirmations, witness' testimonies of damages and injuries caused by the Mafia crimes, recordings of death threats, audio and video recordings of harassment from illegal communication devices, bugged equipment, and other evidence" (*See Plaintiff's Complaint*, p.80, paragraph 196(A)). Therefore, since it is clear that the Defendants are deliberately depriving Plaintiff of his rights and causing irreparable injuries, an injunction is necessary to maintain the status quo.

### 2. An Injunction Will Not Harm The Defendants

In contrast, the Defendants would not suffer irreparable harm if the transaction is enjoined. Instead, an injunction would only maintain the status quo. Plaintiff lived peacefully as a citizen free from crime without violations of his First, Fourth, Eighth, and Fourteenth

8

Amendment rights prior to the onset of the Mafia conspiracy. Indeed, before the Mafia conspiracy in August of 2000, the Plaintiff filed no complaints against the Defendants for causing, perpetuating, or neglecting violations of his constitutional rights. Since the beginning of the conspiracy, however, the Defendants have willfully refused to prevent the conspiracy from continuing despite knowledge of the Plaintiff's rights being violated and knowledge of the Mafia crimes. Effectively, while an injunction might cause law enforcement officials to use their resources to investigate and prevent the crimes, it could in no way harm the Defendants as seriously as a failure to enter an injunction would harm the Plaintiff.

In opposition to Plaintiff's interest in preserving his constitutional rights and ensuring the enforcement of US laws and statutes, the Defendant law enforcement officials can only claim that they can knowingly allow stalking, extortion, and torture and neglect enforcement of the laws whenever they please. However, law enforcement officials have a "statutorily imposed duty to enforce the laws equally and fairly" (*quoting Smith v. Ross*, 482 F.2d 33, 36 (6th Cir. 1973)) and they cannot violate "clearly established statutory or constitutional rights" of which a "reasonable person" would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Additionally, it is an established practice for federal courts to issue injunctions to protect rights safeguarded by the Constitution and to restrain individual state officers from doing what the 14th Amendment forbids the state to do. *Bell vs. Hood*, 327 U.S. 678 (1946), 327 U.S. 678. Where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief. *Id*. And it is also well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any

available remedy to make good the wrong done." *Id.* Therefore, because it is clearly established that law enforcement officials have a statutory duty to enforce the law, and the Courts have a responsibility to grant necessary relief when legal rights are being invaded, the balance of equities tips in favor of the Plaintiff and an injunction should be granted.

### 3. An Injunction Is Necessary to Protect the Public Interest

It is in the public's best interests to have violations of US statutes and laws caused by the Mafia conspiracy and malicious neglect of the Defendants adjudicated. Absent an injunction, the Defendants' refusal to enforce the statutes and laws would perpetuate the Mafia stalking, extortion, and exaction conspiracy that has caused a detrimental impact on society. Since the beginning, the Mafia conspiracy has caused severe witness tampering of innocent bystanders, extortion threats, murder, bribery, acts of violence against innocent citizens, controlling of Police departments, controlling of citizens exposed to the conspiracy, corruption of politicians, infiltration of legitimate businesses, bomb threats, and other heinous crimes caused by the Mafia's desire to perpetuate the crimes, establish a stronghold in society, and corrupt the United States. Furthermore, as the Mafia conspiracy continues and the public is exposed to its dangers, liability is imputed on individuals conspiring to perpetuate the crimes and violate the laws of the United States. In this sense, society is being subjected to myriad scandals and lawsuits because the Mafia conspiracy continues. Therefore, an injunction is in the public's best interest.

### II. The Defendant STLPD and FBI Should At Least Be Required to Enforce the Laws

In any event, the Court should grant an injunction on an application by Plaintiff for Police

and FBI action. The first-degree assault caused by the Mafia's use of illegal communication devices or sonic weaponry used to inflict sadistic ritual abuse places Plaintiff and others in risk of serious danger and even death. Case law has established that injunction is appropriate when the Communications Act of 1934 is violated. Injunctive relief barring a radio station operator from making radio transmissions within the United States without a Federal Communications Commission (FCC) license was warranted in light of operator's refusal to acknowledge requirements of FCC license and his continued operation of radio station without license. Communications Act of 1934, § 301, 47 U.S.C.A. § 301. *U.S. v. Butterfield*, 91 F.Supp.2d 704, (D.Vt. 2000). Clearly, Plaintiff has presented a case with identical circumstances where Mafia members are using illegal radio communications to transmit death threats, extortion, torture, and other audible harassment. Accordingly, an order of injunction is necessary to maintain the status quo.

If Plaintiff is foreclosed from seeking an injunction, he will lose his opportunity to secure effective relief against the Mafia conspirators and the public interest will be permanently and irreparably injured. At the present moment, Plaintiff's life and the lives of family members, witnesses, and innocent members in society are being threatened and jeopardized by the Mafia. Effectively, if an investigation is not enjoined at this time, the Plaintiff, the public interest, and the United States will be irreparably harmed. Moreover, Plaintiff is amenable to an award of injunction from the Eighth Circuit, and, any order made to the Defendants occasioned by the grant of injunctive relief in this cause of action will cause little, if any damage. The small impact an investigative effort and enforcement of the laws may have on the Defendants is far outweighed by the substantial public interest in ending the criminal conspiracy that affects

society.

### III. Plaintiff's Proposed Investigation

Although the Defendants have unlawfully perpetuated the Mafia conspiracy, an investigation is needed to end the stalking, extortion, and exaction conspiracy. Accordingly, the following proposed investigation would cause an end to the irreparable injuries being inflicted on the Plaintiff:

1) Investigate the conduct of Mafia conspirators and initiate a criminal investigation.

2) On a finding of probable cause, issue a search warrant of Plaintiff's St. Louis and Los Angeles residences, workplace, church, government offices, and other places where illegal communication devices are being used by Mafia members to stalk, extort, and torture Plaintiff;

3) Employ the method of "radio direction finding" using Government technology to trace the received radio frequencies and discover the location of the Mafia members;

4) Interrogate witnesses and suspects using the polygraph;

5) Order Defendant APPLE INC. to supply Plaintiff with non-bugged APPLE equipment to safeguard the Plaintiff from the Mafia's transmission of death threats, harassment, and torture while the investigation is being conducted; and

6) Grant Plaintiff reasonable protection from the Mafia until the investigation and

12

trial is over.

IV. Conclusion

WHEREFORE, the Plaintiff asks this Court to enjoin the Defendants in an emergency preliminary injunction to investigate the actions of the Defendants and Mafia conspirators to end the stalking, extortion, and exaction conspiracy that is currently causing irreparable injury to the Plaintiff and society. Plaintiff also requests that this order be made to prevent violations of the Communications Act of 1934, US Crime Victims' Rights Act, the First, Fourth, Eighth, and Fourteenth Amendments, and other statutes and laws of the United States.

FOR RELIEF, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, 18 USC 2520(b), 18 USC 3771(b)(1), and others, Plaintiff requests that this Honorable Court grant his Emergency Motion for Preliminary Injunction, all costs associated with filing this cause of action, and all other appropriate relief that this Court deems necessary.

Dated: October 24, 2009

Respectfully Submitted,

Gregory McKenna

Pro Se Plaintiff

9937 Young Drive, H

Beverly Hills, California 90212

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this __24__ day of October, 2009, a true and accurate copy of Plaintiff's Emergency Motion for Preliminary Injunction will be forwarded to the Defendants, via first-class mail, postage prepaid, to:

1) Defendants the St. Louis County Police Department, Officers Charles Boschert, & Kenneth Williams, 7900 Forsyth Boulevard, Clayton, Missouri 63105;

2) Defendant the FBI, US Attorney's Office, 111 South 10th Street, #20.333, St. Louis, MO 63102;

3) Defendant Apple Inc. represented by Thompson Coburn LLP, Kathy A. Wisniewski & John W. Rogers, One Bank Plaza, St. Louis, MO 63101;

4) Defendant D'Angelo Automotive, 1104 North Jefferson, Florissant, MO 63031.

(NOTE: Defendants Mark Kappelhoff and A-1 Private Investigations have defaulted. An issuance of an alias summons is pending for Defendant Bonine. A copy of this motion will be sent to Defendant Bonine when an alias summons is issued.)