UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY MCKENNA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 4:09CV1113 CDP |
| | ) | |
| THE ST. LOUIS COUNTY POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM

COME NOW Defendants St. Louis County Police Department, Charles Boschert and Kenneth Williams and in support of their motion to dismiss Plaintiffs' complaint for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and failure to state a claim pursuant to Fed.R.Civ.P. P. 12(b)(6), state the following:

Plaintiff Gregory McKenna ("McKenna") *pro se,* filed a 123-page complaint alleging constitutional violations against various federal and local law enforcement officials, the St. Louis County Police Department, a private investigator, an auto repair shop and Apple, Inc. The complaint alleges that McKenna has been threatened, harassed, extorted and tortured by the Mafia for the past decade. McKenna alleges that the Mafia has carried out these threats and harassment by means of illegal communication devices placed in his personal iPod and planted in his residence, his car, his classrooms at the University of Missouri-St. Louis, his friend's residence, St. Norbert's Church, Sacred Heart Church, and other locations the Plaintiff frequents.

1

Dockets.Justia.com

The complaint alleges that the Mafia has targeted McKenna because he refused its demands that he work as a fashion model in New York and because has refused to perform sexual favors in exchange for modeling work. Comp. §§ 44-46.

Specifically, the Plaintiff alleges that Defendants St. Louis County Police Department, Charles Boschert and Kenneth Williams have ignored his numerous complaints regarding the Mafia's "extorting him for refusing to work as a model and using illegal communication devices to stalk and torture him so as to confirm probable cause of the Mafia crimes." *Id.* ¶ 80. The complaint alleges that Boschert and the St. Louis County Police Department have not investigated McKenna's claims that a man named "Bill" and other unnamed Mafia gang members have threatened and coerced McKenna at his residence. The complaint alleges that this neglect resulted in the continued stalking, kidnapping and threatening of McKenna by the Mafia. *Id.* ¶¶ 44-55. The complaint alleges that the threats received by McKenna include: "You better tell Sandra to put her black dress on George . . . " and ". . .Oh my God he recorded it!, The FBI is the Illuminati, His face is painted and Autrey . . ." and "You're a fag" and "Herpes" *Id.* ¶¶ 94, 184.

The complaint alleges that the St. Louis County Police Department, the FBI and the Mafia have acted together to continue the stalking, extortion and torture of McKenna. ¶ 55. The complaint alleges due to Boschert's failure to investigate McKenna's claims of Mafia harassment, Boschert "willfully and knowingly perpetrated the Mafia crime," and "[i]n effect, the officer wrongfully neglected probable cause of the Mafia stalking, extortion, and torture based on Plaintiff's testimony and willfully allowed the crimes to continue." ¶¶ 103-104. McKenna alleges that the St. Louis County Police Department and individual Defendants

ignored the complaints "so as to prove a premeditated plan existed to impugn Plaintiff's complaint and allow the stalking, extortion and torture of Plaintiff to continue." ¶ 64.

McKenna further alleges that he filed a complaint with St. Louis County Police Department's Bureau of Professional Responsibility ("BPR") regarding Defendant Boschert's refusal to investigate the complaints. ¶¶ 122-124. McKenna's complaint states that Defendant Kenneth Williams rejected the BPR complaint and stated in a letter to McKenna that no violation of St. Louis County Police Department policy occurred. *Id.* The complaint alleges that Williams wrongfully accepted interview testimony from Defendant Bonine and Deena Siler. *Id.* "Thus, Defendant [Williams] wrongfully accepted [Bonine's] testimony and Siler's irrelevant hearsay over Plaintiff's scientific evidence and probable cause so as to constitute an improper procedure. In effect, Defendants Boschert, Williams, Bonine, A-1 Private Investigations and others acted in concert by committing wrongful acts in their designated professions so as to willfully perpetuate the Mafia Crimes and violated Plaintiff's Constitutional Rights." *Id.* ¶ 123. McKenna further alleges that additional complaints to BPR regarding Boschert's neglect went unanswered and that as a result, "the bureau persisted in acting in concert with the Mafia and Defendants [St. Louis County Police Department] Boschert, Williams, the FBI and Bonine and others by maliciously neglecting, violating, and depriving Plaintiff of his Constitutional rights and refusing to investigate so as to perpetuate the Mafia stalking, extortion, and torture." *Id.* ¶ 136.

**St. Louis County Police Department**

The St. Louis County Police Department is not a suable entity, and should be dismissed from this lawsuit. Capacity to sue shall be determined by the law of the state in which the district court is held. Fed.R.Civ.P. 17(b). A suable entity must either be a corporation, a quasi-corporation, or a natural person in order that suit against it be maintained. Parker v.

3

Unemployment Compensation Comm'n, 214 S.W.2d 529, 534 (Mo. 1948). In the absence of authority to sue or be sued, an entity has no legal standing to be a party to litigation. Id. The St. Louis County Police Department was created by St. Louis County Charter §§ 4.270-4.280. It is a department of St. Louis County, Missouri and has no separate legal standing. *Id.* Because it is not a suable entity, the Plaintiff's claims against St. Louis County Police Department are legally frivolous and should be dismissed. Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local governments are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp2d. 967, 968-69 (E.D. Mo. 2004) (departments or subdivisions of city government are not suable entities).

**Federal Jurisdiction**

The Plaintiff's complaint alleges federal jurisdiction in this case pursuant to 28 U.S.C. 1331 (federal question) and 28 U.S.C. 1331 (civil rights deprivation). Compl. ¶ 35. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on face of a properly pleaded complaint. Caterpillar Inc., v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987). Federal courts cannot hear claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit, wholly unsubstantial, obviously frivolous, plainly unsubstantial or no longer open to discussion." Hagans v Lavine, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 1379 (1974) (internal quotations and citations omitted). *See also* Bell v. Hood, 327 U.S. 678, 682-83, 66 S.Ct. 773, 776 (1946) (court lacks subject matter jurisdiction where a claim is "wholly insubstantial and frivolous"). Under Rule 12(b)(1), a claim is "patently unsubstantial" when it presents no federal question suitable for decision. Best v. Kelly, 39 F.3d 328, 330 (D.D.Cir. 1994) There is no question that "jurisdiction does not arise simply because an

4

averment is made as to the existence of a constitutional question, if it simply appears that such averment is not real and substantial, but is without color or merit." Newburyport Water Co., v. Newburyport, 193 U.S. 561, 576, 24 S.Ct. 553, 556 (1904). A Court is required to dismiss a complaint "if [it] determines at any time it lacks subject matter jurisdiction[.]" Fed.R.Civ.P. 12(h)(3); see Steel Co., v. Citizens for a Better Environment, 523 U.S. 83, 94 118 S.Ct. 1003, 1012 (1998) (without jurisdiction, the court cannot proceed with any case because it lacks power to adjudicate).

In his complaint, McKenna makes outrageous claims regarding Mafia threats, harassment and extortion made against him over a ten-year period via illegal communication devices placed inside the Plaintiff's iPod, his residence, his car, his classrooms at the University of Missouri-St. Louis, and area churches in order to coerce him to model in New York. McKenna's complaint further alleges that the St. Louis County Police Department, Charles Boschert and Kenneth Williams did not intervene and ignored his complaints about the illegal communication devices and threats, stalking and harassment by the "Mafia," "Mafia gang members," and a person identified as "Bill." McKenna concludes, without alleging any supporting facts, that the St. Louis County Defendants somehow conspired with the other Defendants and the Mafia to continue the harassment, extortion and threats. The claims alleged in the complaint are implausible, fantastic and border on the delusional:

> On June 22, 2009, Plaintiff proceeded to record video of Mafia death threats transmitted to an illegal communication device planted in his Apple PowerBook G4 while flying 300,000 feet in the air in route from Chicago to Los Angeles on his American Airlines flight. The death threats from Plaintiff's Apple PowerBook G4 were generated in unison with the song, "Cafe Style 1," and repeatedly stated, "I'm about to kill him. The death threats proved that the Mafia is using satellite radio to stalk, extort, and torture Plaintiff at all times in his life, and after 9 years, the Mafia conspiracy continues to this present day.

Complaint ¶ 190.

McKenna's complaint is "wholly insubstantial" because of the wild claims involving illegal communications devices, the Mafia and the alleged conspiracy between local and federal levels of government and private corporations, including Apple, Inc. to harass, threaten and extort the Plaintiff. These claims are "essentially fictitious" and "fanciful" due to the broad and "bizarre conspiracy theory" that is alleged and this complaint warrants dismissal under Rule 12(b)(1). Best, 39 F.3d at 330; *see also* Bell Atlantic Corp., v. Twombly, 550 U.S. 544, 570 (2007) (a complaint must plead "enough facts to state a claim for relief that is plausible on its face"); Newburyport Water Co., 193 U.S. at 579 (claims that are "so attenuated and insubstantial as to be absolutely devoid of merit" should be dismissed).

Other jurisdictions have dismissed similar complaints pursuant to Fed.R.Civ.P. 12(b)(1) where they allege vast government conspiracies using unlawful surveillance or wiretapping equipment. *See* Richards v. Duke Univ., 480 F.Supp.2d. 222, 232-33 (D.D.C. 2007) (complaint which alleged that the FBI, the Department of Justice, Duke University, Georgetown University and Microsoft, conducted illegal surveillance of Plaintiff was "fantastic" and "patently insubstantial" was dismissed pursuant to Rule 12(b)(1)); Carone-Ferdinand v. Central Intelligence Agency, 131 F.Supp.2d. 232, 235-36 (D.D.C. 2001) (dismissing for lack of subject matter jurisdiction a complaint that alleged a "bizarre conspiracy theory" in which the CIA killed the plaintiff's father because Plaintiff would not assist CIA in assassination and drug trafficking activity); O'Brien v. United States Dep't of Justice, 927 F.Supp. 382, 384-85 (D. Ariz 1995) (complaint that alleged the United States Department of Justice and other defendants, including Farmer's Insurance Company, Nancy Reagan and the Phoenix Suns, installed wiretapping equipment on Plaintiff's telephone and infected her with germs was "so bizarre and delusional that is was wholly insubstantial" and was dismissed for lack of jurisdiction).

**Failure to State a Claim**

Plaintiff McKenna's complaint does not state a claim upon which relief can be granted because it does not satisfy Fed.R.Civ.P. 8(a)(2) and (e)(1), and because it does not allege facts showing the involvement of Defendants Boschert and Williams in the deprivation of McKenna's constitutional rights.

Plaintiff's prolix complaint is 123 pages long. It alleges facts that are not related to any of the Defendants, details events that did not occur in Eastern District of Missouri and contains many duplicative allegations. Rule 8(a)(2) mandates that a complaint should be "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) states that each "averment of a pleading shall be simple, concise and direct." McKenna's complaint contains allegations about prior court proceedings in front of Judge Sherry (*Id.* ¶ 162-65); complaints of Mafia harassment filed with the LAPD, Beverly Hills Police Department, the Los Angeles branch of the FBI and the U.S. Attorney's Office in Los Angeles (*Id.* ¶¶ 168-17); complaints of Mafia harassment filed with the FBI office in Washington, D.C. and the NYPD (*Id.* ¶¶ 67-68); complaints of Mafia harassment made to the United States Department of Justice, U.S. Representative Henry Waxman and the American Civil Liberties Union (*Id.* ¶¶ 187); statements about his recordings of the Mafia threats and his proof of "bugs" planted in his residence and other locations (*Id.* ¶¶ 92-97); and details of his purchases of the "CS Pro 25", "CSD-21", "Silent But Deadly-5H" and "DET2" counter-surveillance, bug-detection systems in order prove that the Mafia was using illegal communication devices in his residence (*Id.* ¶¶ 125-130).

None of these allegations have any connection with, or tie to, the alleged unconstitutional acts of Defendants the St. Louis County Police Department, Boschert or Williams. McKenna's

turgid complaint is difficult to comprehend because it includes so many irrelevant and immaterial allegations. Because of this, it is burdensome for the parties to respond to, and for the Court to review. Hence, dismissal under Rule 12(b)(6) is proper. *See, e.g.*, Chinea-Varela v. Columbia Broadcasting Systems, Inc., 2001 WL 137246 *1 (9th Cir. 2001) (upholding district court's dismissal of complaint that was "verbose, lengthy and convoluted" because it violated the requirements of Fed.R.Civ.P. 8(a)); Thomas v. American Tobacco Co., 173 F.R.D. 546, 547 (M.D. Ga. 1997) (dismissing complaint that was "needlessly lengthy, verbose and repetitious.") Burton v. Peartree, 326 F.Supp. 755, 58-9 (E.D.Pa. 1971) (dismissing a "lengthy rambling complaint" which contained "little more than demands, charges and conclusions" because it was not a short and plain statement of the case); Gonzalez v. Wing, 167 F.R.D. 352, 354 (N.D.N.Y. 1996) (dismissing complaint that was "incredibly dense and verbose" and contained numerous fact averments that made it "impossible to discern which facts support, or are even relevant to," individual claims).

Furthermore, the complaint does not allege sufficient facts showing the personal involvement of Defendants Boschert and Williams in the alleged violations. Although a pro se claim must be liberally construed, a complaint containing broad and conclusory allegations warrants dismissal by the Court. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985). In order to survive motion to dismiss for failure to state claim upon which relief can be granted, civil rights complaint must contain facts which state claim as matter of law and must not be conclusory. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). The complaint must also show the personal involvement of the defendants in the alleged deprivation. Martin, 780 F.2d at 1338.

McKenna's complaint alleges that Defendant Williams signed a letter which stated that Defendant Boschert did not violate any St. Louis County Police Department rules or regulations by not investigating Plaintiff's complaints. *Complaint.* ¶¶ 117-122. From this fact allegation, McKenna proceeds to state that Williams accepted testimony of witnesses Bonine and Siler over his own evidence in violation of a state statute, § 490.065 (3) R.S.Mo *Id.* ¶ 123. The complaint proceeds to conclude that because of William's letter, he "acted in concert" with other Defendants by "committing wrongful acts in their designated professions so as to willfully perpetuate the Mafia crimes and violate Plaintiff's Constitutional rights." *Id.* ¶ 124. McKenna's complaint is devoid of any facts allegations regarding Defendant Williams to show how his signing a BPR denial letter has violated McKenna's constitutional rights. Moreover, the complaint does not include any wrongful acts Williams committed in concert with the other Defendants to violate McKenna's constitutional rights. McKenna's complaint makes vast and sweeping conclusions as to violations of his rights, but does not allege any facts to support them.

McKenna also makes huge leaps of logic in his conclusory allegations that Defendant Boschert's failure to investigate the claims of Mafia harassment resulted in constitutional violations. The complaint repeatedly states that Defendant Boschert would not investigate McKenna's claims regarding the Mafia harassment and that because of this Boschert "willfully and knowingly perpetuated the Mafia crimes (Id. ¶ 103) or that Boschert "willfully and knowingly"(*Id.* ¶ 133) allowed the crimes to continue. The complaint contains no fact allegations to support these conclusions that Boschert's failure to investigate the complaints perpetrated, caused or resulted in the alleged violations committed against Plaintiff by the Mafia. Besides the conclusory statements of constitutional violations, the complaint also fails to support, by fact pleading, any claim of conspiracy among the Defendants. *See* Cooper v. Delo, 997 F.2d

376, 377 (8th Cir. 1993) (complaint subject to dismissal if allegations of conspiracy are not supported by facts suggesting a meeting of the minds between the defendants). Because the complaint fails to state a claim against St. Louis County Police Department and Defendants Boschert and Williams, it should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

WHEREFORE, Defendants pray that this Court grant their motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted and for such other relief as this court deems appropriate.

Respectfully submitted,

PATRICIA REDINGTON
COUNTY COUNSELOR

By: /s/ Robert C. Moore
    Robert C. Moore    #93626 (E.D. Mo.)
    Assistant County Counselor
    41 S. Central Avenue, 9th Floor
    Clayton, Missouri 63105
    (314) 615-7042
    Attorney for Defendants

# CERTIFICATE OF SERVICE

I, Robert C. Moore, hereby certify that on October 30, 2009 the foregoing was filed electronically with the Clerk of Court and by first class mail to:

Gregory McKenna
9937 Young Drive, H
Beverly Hills, CA 90212

/s/ Robert C. Moore
Robert C. Moore   #93626 (E.D. Mo.)
Assistant County Counselor
41 S. Central Avenue, 9th Floor
Clayton, Missouri 63105
(314) 615-7042
Attorney for Defendants