UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY McKENNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  4:09CV1113 CDP |
| ) | |
| ST. LOUIS COUNTY POLICE DEPT. et al,) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MARK KAPPELHOFF'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

COMES NOW Defendant Mark Kappelhoff ("Defendant Kappelhoff"), by and through his attorneys, Michael W. Reap, Acting United States Attorney for the Eastern District of Missouri, and Nicholas P. Llewellyn, Assistant United States Attorney for said District, and for his Opposition to Plaintiff's Motion for Entry of Default, states as follows:

On September 10, 2009, the Office of the United States Attorney for the Eastern District of Missouri (U.S. Attorney's Office") received a copy of Plaintiff's Complaint via Priority Mail of the United States Postal Service.  Due to the fact that Plaintiff named "8 Unknown Agents of the Federal Bureau of Investigation" as defendants, the Civil Division of the U.S. Attorney's Office would file, within 60 days, a responsive pleading regarding the unknown federal agents, not with regard to Defendant Kappelhoff, named in his individual capacity.  Therefore, that pleading is due by Monday, November 9, 2009.

On September 10, 2009, Defendant Kappelhoff was notified by the U. S. Attorney's Office that he had been named as a defendant in this Complaint and was asked whether he had been served with the Complaint and if so, when.  Defendant Kappelhoff indicated by voice mail that he had not been served.

On October 14, 2009, the U. S. Attorney's Office followed up with Defendant Kappelhoff regarding service. Defendant Kappelhoff indicated he had not yet been served but that the process server called to make arrangements for service and inquired as to whether he should accept service. On October 15, 2009, Defendant Kappelhoff was advised to arrange and accept service and to notify the U.S. Attorney's Office when service was perfected.

On October 30, 2009, Plaintiff filed his Motion for Entry of Default against Defendant Kappelhoff without having served the Complaint upon Defendant Kappelhoff.

On November 2, 2009, the U.S. Attorney's Office contacted Defendant Kappelhoff regarding service of process due to the filing of Plaintiff's Motion for Default. On this date, Defendant Kappelhoff indicated he already previously tried to contact the process server a of couple times to arrange service but that he would do so again. During this process Defendant Kappelhoff personally spoke to the process server named "Mr. Felter", as well as having a couple of conversations with Mr. Felter's colleague, Scott Kucik, regarding making arrangements for getting served the summons.

Defendant Kappelhoff was informed by Mr. Felter that Mr. Felter had reached out to Plaintiff regarding service and that Plaintiff advised Mr. Felter that Plaintiff filed a Motion for Default and was no longer interested in serving Defendant Kappelhoff. Mr. Felter has returned the Complaint to Plaintiff.

Pursuant to Rule 55(d) of the Federal Rules of Civil Procedure, "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Defendant Kappelhoff, Acting Principal Deputy Assistant Attorney General, an employee of the United States Government by way of the United States Department of Justice's Civil Rights Division, has not been properly served in this case as an individual and therefore is not yet required to respond to Plaintiff's Complaint. Even if Defendant Kappelhoff was properly served, however, failure of the Government to respond to

Plaintiff's Complaint within a certain time limit does not constitute adequate evidence of entry of a default judgment against it. See United States v. Zulli, 418 F. Supp. 252, 253 (S.D. N.Y. 1975); see also Arevalo v. United States, 2008 WL 3874795, *6 (E.D. Pa. August 20, 2008) ("judgment cannot be entered against the government based solely on its failure to comply with civil rules").

According to Rule 4(i)(3) of the Federal Rules of Civil Procedure, in order to serve a United States officer or employee in an individual capacity, "a party must serve the United States and also serve the officer or employee under Rule 4(e), (f) or (g)." Sections 4(f) and 4(g) are not applicable in this case. Rule 4(e), Fed. R. Civ. P., requires that Defendant Kappelhoff be served pursuant to the requirements of Missouri law or by accomplishing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. C. Proc. 4(e)(2)(A-C).

Missouri requires essentially the same requirements for serving an individual:

> Upon an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process.

MO. SUP. CT. R. 54.13(b)(1).

None of the methods set out in Rule 4(e), Fed. R. Civ. P., or Missouri's requirements for service, were accomplished as of the date of this filing with respect to Defendant Kappelhoff. As such, Plaintiff failed to personally serve Defendant Kappelhoff in accordance with Rule 4(i)(3)(B), Fed. R. Civ. P. Moreover, such deficiency in process should not be overlooked simply because Defendant Kappelhoff has actual knowledge of the lawsuit. Semler v. Klang, 2009 WL 537641, *14 (D. Minn. March 3, 2009) (dismissing pro se litigant's claims for failure to effect service of

process noting "'actual notice' does not discharge the Plaintiff of his duty to effectuate proper service.").

WHEREFORE, Defendant Kappelhoff prays and Order of this Honorable Court denying Plaintiff's Motion for Entry of Default Against Defendant Kappelhoff and further prays an Order requiring Plaintiff to personally serve Defendant Kappelhoff in accordance with the Federal Rules of Civil Procedure.

>Respectfully submitted,
>
>MICHAEL W. REAP
>Acting United States Attorney
>
>*s/ Nicholas P. Llewellyn*
>NICHOLAS P. LLEWELLYN # 52836
>Assistant United States Attorney
>Chief, Civil Division
>111 South 10th Street, 20th Floor
>St. Louis, Missouri 63102
>314/539-2200
>314/539-2777 FAX
>nicholas.llewellyn@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 6,, 2009, the foregoing *Defendant Kappelhoff's Oppositon to Plaintiff's Motion for Entry of Default* was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system and by U.S. Mail to:

Gregory McKenna
Plaintiff *Pro Se*
9937 Young Drive, H
Beverly Hills, CA 90212

>*s/ Nicholas P. Llewellyn*
>NICHOLAS P. LLEWELLYN
>Assistant United States Attorney