RECEIVED BY MAIL
NOV 1 3 2009
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**United States District Court**

**EASTERN DISTRICT OF MISSOURI**

GREGORY MCKENNA,

    Plaintiff

    Vs.

THE ST. LOUIS COUNTY POLICE DEPARTMENT, OFFICERS CHARLES BOSCHERT, KENNETH WILLIAMS, 8 UNKNOWN AGENTS OF THE FEDERAL BUREAU OF INVESTIGATION, MARK KAPPELHOFF, APPLE INC., A-1 PRIVATE INVESTIGATIONS, TIMOTHY BONINE, D'ANGELO AUTOMOTIVE,

    Defendants

Case No. 4:09cv1113CDP

JURY DEMANDED

## PLAINTIFF'S RESPONSE TO DEFENDANT APPLE INC.'S MOTION TO DISMISS

Pro se Plaintiff, Gregory McKenna, respectfully opposes Defendant Apple and D'Angelo Automotive's (D'Angelo) motion to dismiss. The Complaint states a claim for monetary, declaratory and injunctive relief under 42 U.S.C. 1983, 1985, 1986, 1988, and Missouri tort law. The Plaintiff has standing to bring his claim because allegations of the Defendants conspiring with the Mafia to abet the use of illegal communication devices to inflict stalking, extortion, and exaction is based on scientific evidence and non-fictitious claims. As such, the Defendants' motions to dismiss threatens an immediate and irreparable denial of the Plaintiff's constitutional rights, and has already chilled the exercise of his rights to privacy, liberty, property, freedom from cruel and unusual punishment, and others. The Defendants' motion that this Court abstain from exercising its jurisdiction should also be denied because the federal constitutional issues cannot be eliminated by any Court's construction of the statutes and laws, and therefore,

dismissal would simply delay an adjudication to protect the Plaintiff's rights and abet the Mafia conspiracy that continues to the present day.

## SUMMARY OF FACTS

Plaintiff brought this action for monetary, declaratory and injunctive relief under 42 U.S.C. 1983, 1985, 1986, 1988, and Missouri tort law seeking protection from Defendants Apple, D'Angelo, and others for unlawfully violating Plaintiff's constitutional rights to privacy, property, liberty, freedom from cruel and unusual punishment, due process, and others (*See* Comp., ¶ at 23). The underlying allegation is that Plaintiff is a victim of Italian Mafia stalking, extortion, and exaction that has lasted 9 years because Defendants the St. Louis County Police, FBI, Apple Inc., D'Angelo, A-1 Investigations, and other law enforcement officials acted in concert to perpetuate the Mafia crimes. (*Id.* at ¶¶ 23(C), 55, 69, 85, 104, 123, 138, 149, 182, 188). "The primary means by which Plaintiff continues to be stalked, extorted, and tortured is through illegal communication devices planted in his home, vehicle, residence, workplace, church, and other places that he publicly frequents" (*Id.* at ¶ 8). Evidence of the illegal communication devices exists based on recordings of death threats and harassment originating from Plaintiff's Audi A4 Quattro, his Apple iPods and other Apple equipment that received illegal communications from Mafia members generating harassment and death threats (*Id.* at ¶¶ 21, 78, 142-143, 145, 151-153, 155, 157, 180, 181, 190). The recordings of death threats and other evidence prove that Apple, D'Angelo, and other Defendants conspired with the Mafia to perpetuate the use of illegal communication devices to stalk, extort, and torture the Plaintiff. (*Id.* at ¶18, 21).

2

# ARGUMENT

## A. DEFENDANTS' CLAIMS OF IMPLAUSIBILITY ERRONEOUSLY IGNORE SCIENTIFIC EVIDENCE THAT PROVES PLAINTIFF'S CLAIMS

The Defendants claim Plaintiff's allegations are "so attenuated and unsubstantial as to be devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion."[1] *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974). Particularly, the Defendants believe that Apple selling iPods and computers bugged with receivers or "illegal communication devices" that allow the Mafia to access them to generate harassment and death threats is a bizarre allegation. The Defendants' unsubstantiated claims are made in contravention to the eavesdropping devices that were scientifically proven to exist. (See Comp., ¶¶ 128, 155, 159, 179-181). In accord with Plaintiff's Complaint, the eavesdropping devices are used to ascertain Plaintiff's whereabouts "at all times in his life" (*Id.* at ¶ 190) so as to plausibly allow the Mafia to discover Apple products Plaintiff intended to purchase prior to their sale. In contrast, to be dismissed under Rule 12(b)(1) for a bizarre allegation the claims must "be flimsier than 'doubtful or questionable' -- they must be 'essentially fictitious.'" *Best v. Kelly,* 39 F. 3d at 330. "The sole exception to [non-dismissal of well-plead complaints] lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel." *Id.* In utter contrast, Plaintiff's averments are ostensibly reality based since they involve illegal communication devices that were proven to exist and normal criminal activities conducted by the Italian Mafia, a notorious

---

[1] In response to Apple's claim that this Court does not have jurisdiction because Plaintiff and Apple are citizens of the State of California, some of the Apple equipment was purchased and used to wrong Plaintiff in the State of Missouri and elsewhere. See Comp., ¶78.

3

organized crime group known to corrupt and infiltrate legitimate businesses such as Apple and D'Angelo (See Complaint ¶ 40). Therefore, since Plaintiff's claims do not defy reality and make no reference to utterly fantastic assumptions such as "little green men," "trips to Pluto," and experiences in time travel, the defendants' motions are erroneous and should be ignored.

## B. PLAINTIFF'S COMPLAINT IS NOT DEVOID OF ANY SHORT OR PLAIN STATEMENT

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (CA7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. *Wright & A. Miller*, Federal Practice and Procedure ß 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, *e.g., Swierkiewicz v. Sorema*

*N.A.*, 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." *Ibid.*

Additionally, Plaintiff's Complaint comprises 16 counts against 9 Defendants covering a 10-year span of tortious violations including fraud, conspiracy, and others that continue to the present day. Where the Factual Allegations section averages a reasonable 8 pages per Defendant, the Cause of Action section averages only 5 pages. Notice pleading under Rule 8 requires a pleader to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory. *Lowden v. William M. Mercer, Inc.*, 903 F. Supp. 212 (D. Mass. 1995); citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513 (1st Cir. 1988); *Boston and Maine Corp. v. Town of Hampton*, 987 F.2d 855 (1st Cir. 1988); *Reed Paper Co. v. Procter and Gamble Distributing Co.*, 807 F. Supp. 840 (D. Me. 1992). Further, to successfully plead claims of fraud it is encumbant upon one to set forth more detail regarding the time, place, and manner of allegedly fraudulent actions than one would ordinarily expect. *Kaufman v. Magid*, 539 F. Supp. 1088 (D. Mass. 1982); *Wayne Investment, Inc. v. Gulf Oil Corp.*, 739 F.2d 11 (1st Cir. 1984); *VMS Realty Inv. Ltd. v. Keezer*, 34 Mass. App. Ct. 119, 606 N.E.2d 1352 (1993). Accordingly, because Plaintiff is required to plead every element of each of the 16 counts against the Defendants with specific facts to establish a grounds for relief that are

more than conclusory, the Plaintiff's Complaint is sufficiently plead and the Defendants' motions should be dismissed.

In declining to dismiss a Complaint, the courts have held that verbosity and repetition complained within the Complaint, standing alone, does not justify dismissal. *Kaufman, et al v. Magid, et al*, 539 F. Supp. 1088 (D. Mass. 1982). "Brevity does not rank in importance with the right and duty of a litigant to present his demands in a style and form of expression that represents his... honest effort to represent the claims according to his own notions of their merits." *Atwood v. Humble Oil and Refining Co.*, 243 F.2d 885 (5th Cir. 1957); *Kaufman v. Magid*, 539 F. Supp. 1088 (D. Mass. 1982); *Massachusetts Hospital Association v. Harris*, 500 F. Supp. 1270 (D. Mass. 1980). Federal courts have historically examined challenged Complaints on a case by case basis recognizing that complex cases may entail long and involved Complaints which do not fail per se to pass the test of sufficiency under Rule 8(a)(2) Fed. R. Civ. P. *Karlinsky v. New York Racing Association, Inc.*, 52 F.R.D. 40 (S.D.N.Y. 1971); *Lowden v. William M. Mercer, Inc.*, 903 F. Supp. 212 (D. Mass. 1995). Concurrently, the Defendants' objections are not sufficient to justify dismissal and their motions should be stricken.

Lastly, Defendant Apple claims that Plaintiff's allegations of Dan O'Brien allegedly drilling illegal communication devices into the façade of Plaintiff's St. Louis residence (Comp., ¶38), Father Michael Butler witnessing Plaintiff's inability to attend religious activities because of the Mafia stalking (*Id.* ¶62), law enforcement officials' neglect of the alleged murder of Clarence Washington by the Mafia (*Id.* ¶84), and the intentional obstruction of a lawsuit proceeding by Judge Sherry are irrelevant to Plaintiff's Complaint (*Id.* ¶162-165). In contrast, the said witnesses and events establish grounds for constitutional and statutory violations that

support Plaintiff's causes of action under 42 USC §1983, 1985, 1986, 1988, and others. Where evidentiary matters are pled within a Complaint, they need not be stricken as long as they assist in clarifying the dispute. *Canadian Ingersoll-Rand Co. v. D. Loveman and Sons, Inc.*, 227 F. Supp. 829 (N.D.Oh. 1964). As long as a Complaint is clear and not confusing, it should not be dismissed merely because it is long in summary and in some regards unnecessarily detailed. *Spriggs v. Seaton*, 271 F.2d 583 (10th Cir. 1959); *Sherman v. Air Reduction Sales Co.*, 251 F.2d 543 (6th Cir. 1958). Therefore, because the said facts are necessary to establish a grounds for constitutional and statutory violations, the Defendants' motions to dismiss should be ignored.

## C. CONCLUSION

A Defendant who seeks to have a case dismissed as moot [or fictitious] must demonstrate that there is no reasonable expectation that the alleged wrongs will be repeated. *Dixie Fuel Co. v. Commissioner of Social Sec.*, 171 F.3d 1052, 1999 Fed.App.0111P, (C.A.6 (Ky.) 1999). The Defendants clearly have not met their burden since their defense relies on impugning Plaintiff's claims as fictitious without addressing the plausible scenario of their reoccurring involvement as abettors of the conspiracy. Plaintiff has proved the existence of the presence of illegal communication devices and that he is a victim of stalking, extortion, and torture in his former briefs filed. To date, Apple continues to abet the Mafia conspiracy by refusing to supply Plaintiff with non-bugged equipment, Plaintiff continues to experience harassment in his Audi A4 Quattro, the STLPD continue to maliciously neglect enforcement of the laws despite knowledge of the crimes, and the FBI continue to observe Plaintiff's pain and suffering without any intervention despite knowledge of the crimes falling within their jurisdiction. Albeit the continuing crimes are heinous and are blatantly reoccurring, the Defendants refuse to address

how they will prevent the Mafia stalking, extortion, and exaction from continuing. As such, their motions to dismiss must be ignored.

A Court should not dismiss a complaint unless it appears beyond reasonable certainty that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Friedman v. City of Overland*, 935 F.Supp. 1015, (E.D.Mo. 1996). Furthermore, a Court should not dismiss complaint merely because it doubts that plaintiff will be able to prove all necessary allegations. *Id.* (emphasis added). Plaintiff's Complaint clearly alleges facts based on quantitative and scientific evidence such as bug sweeps, eavesdropping devices, recordings of death threats and harassment, positive measurements of radio frequencies indicative to covert devices and electronic polarity negating phone taps, and other plausible facts that do not defy reality. Accordingly, since Plaintiff's Complaint is heavily supported with scientific evidence that proves he is entitled to relief, the Defendants' motions should be dismissed.

WHEREFORE, Plaintiff Gregory McKenna requests that for the aforesaid reasons the Defendants' motions to dismiss for violations of Rule 12(b)(1) and 12(b)(6) should be ignored.

Date: November 10, 2009

Respectfully Submitted,

Gregory McKenna

Pro Se Plaintiff

9937 Young Drive, H

Beverly Hills, CA 90212

(310) 213-8851

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this __10__ day of November, 2009, a true and accurate copy of Plaintiff's Emergency Motion for Preliminary Injunction will be forwarded to the Defendants, via first-class mail, postage prepaid, to:

1) Defendants the St. Louis County Police Department, Officers Charles Boschert, & Kenneth Williams, 7900 Forsyth Boulevard, Clayton, Missouri 63105;

2) Defendant the FBI, US Attorney's Office, 111 South 10th Street, #20.333, St. Louis, MO 63102;

3) Defendant Apple Inc. represented by Thompson Coburn LLP, Kathy A. Wisniewski & John W. Rogers, One Bank Plaza, St. Louis, MO 63101;

4) Defendant D'Angelo Automotive, 1104 North Jefferson, Florissant, MO 63031.

(NOTE: Defendants Mark Kappelhoff and A-1 Private Investigations have defaulted. Plaintiff's Motion for Default Judgment was filed against the Defendants on October 27, 2009. An issuance of an alias summons is pending for Defendant Bonine. A copy of this motion will be sent to Defendant Bonine when an alias summons is issued.)