RECEIVED BY MAIL
NOV 2 0 2009
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

United States District Court
EASTERN DISTRICT OF MISSOURI

GREGORY MCKENNA,

    Plaintiff

    Vs.

THE ST. LOUIS COUNTY POLICE DEPARTMENT, OFFICERS CHARLES BOSCHERT, KENNETH WILLIAMS, 8 UNKNOWN AGENTS OF THE FEDERAL BUREAU OF INVESTIGATION, MARK KAPPELHOFF, APPLE INC., A-1 PRIVATE INVESTIGATIONS, TIMOTHY BONINE, D'ANGELO AUTOMOTIVE,

    Defendants

Case No. 4:09cv1113CDP

JURY DEMANDED

## PLAINTIFF'S MOTION TO AMEND COMPLAINT

COMES NOW pro se Plaintiff, Gregory McKenna, and respectfully requests this Honorable Court to grant leave, thereby permitting Plaintiff to file an Amended Complaint, and for the following reasons states as follows:

1) Plaintiff filed a Complaint in this Court on July 16, 2009 for allegations of the Defendants abetting an Italian Mafia stalking, extortion, and torture conspiracy. Defendants were served on or around September 14, 2009 and their original Answer was due on October 5. The deadline for Defendant UNKNOWN FBI AGENTS to file their Answer is December 9.

2) On or around October 9 and 28, Plaintiff received Defendants APPLE INC. and D'ANGELO AUTOMOIVE's Motions to Dismiss. On November 5, Plaintiff received Defendants the ST. LOUIS COUNTY POLICE, CHARLES BOSCHERT, and KENNETH WILLIAMS' Motion to Dismiss. Defendants erroneously alleged Plaintiff's Complaint was "so

attenuated and unsubstantial as to be devoid of merit" for alleging the existence of illegal communication devices despite Plaintiff's scientific, plausible, and reality based claims. Defendants also alleged Plaintiff's Complaint was "verbose, lengthy, and convoluted."

3) On October 8, Plaintiff filed a Motion for Temporary Restraining Order (TRO) to end the malicious neglect of continuing crimes and constitutional and statutory rights violations committed by the Defendants. Plaintiff discovered his motion was denied for lack of evidence on October 26.

4) On October 24, Plaintiff filed a Motion for Preliminary Injunction for the Mafia stalking, extortion, exaction, and neglect by the Defendants. Plaintiff's accompanying Motion to Proffer Evidence filed on October 29 included an expert witness private investigator's report and a letter from Plaintiff's licensed clinical therapist to prove Plaintiff is currently a victim of the Mafia crimes, constitutional rights and statutory violations, and criminal neglect committed by the Defendants.

5) In accord with Federal Rule of Civil Procedure Rule 65(b)(2), Plaintiff's Motions for TRO and Preliminary Injunction took precedence over all matters. Effectively, Plaintiff was barred by time constraints caused by his need to file the emergency motions and could not immediately amend his Complaint.

6) Some of the Defendants have not filed their Answer. The parties have not yet met to prepare the Case Management Report and this Court has not yet issued a Case Management Order. Neither party has engaged in Discovery.

7) Plaintiff seeks leave of this Court to file an Amended Complaint. This Amended Complaint will not change the Counts included in the Complaint. Changes in the Complaint

involve abbreviating its alleged verbosity and elucidating facts that were not formerly specified. The following revisions were made to the Complaint:

   a. In ¶2, striking the "Summary of Facts" section through ¶23.
   b. In ¶37, striking through ¶96.
   c. In ¶105, striking to ¶106.
   d. Inserting case law at ¶ 105.
   e. In ¶107, striking through ¶109.
   f. In ¶123, reconstructing the paragraph to state Defendant WILLIAMS possessed knowledge of the crimes that continued as a result of his decision to deny Plaintiff an investigation.
   g. Inserting 2 new paragraphs between ¶¶123 and 124 to include Missouri Revised Statutes (RSMo 562.016) on culpable mental states to clarify violations committed by the Defendants.
   h. In ¶125, striking through ¶126.
   i. In ¶130, striking.
   j. In ¶151, striking through ¶153.
   k. Striking ¶156.
   l. In ¶160, striking through ¶167.
   m. In ¶173, striking through ¶174.
   n. In ¶179, reconstructing the paragraph to state, "In accord with positive readings of bug sweeps, telephone tap tests, and other evidence, the Mafia was allowed to discover Plaintiff's plans weeks in advance and whereabouts at all times because of illegal communication devices used to surveillance him."

o. In ¶181, reconstructing the paragraph to state, "On or around March 13, 2009, Plaintiff proceeded to call the Apple Store from his Beverly Hills apartment and inform them he planned on purchasing an iPod Nano as alleged Mafia members eavesdropped on Plaintiff."

p. In ¶185, striking.

q. In ¶187, reconstructing the paragraph to state, "On or around March 7, 2009, Plaintiff proceeded to forward his complaint to the USDOJ Criminal Civil Rights Division to seek action against the Mafia, the LAPD, and Defendants the STLPD and FBI for violating, neglecting, and depriving him of his constitutional rights."

r. In ¶188, reconstructing the paragraph to state, "Defendant KAPPELHOFF had knowledge of law enforcement officials' criminal neglect and the Mafia crimes, but nevertheless, denied Plaintiff's complaint." Also, changing the last sentence of the paragraph to read, "As a direct and proximate result of his decision to not correct officials' misconduct, Defendant KAPPELHOFF intentionally allowed the Mafia stalking, extortion, and torture of Plaintiff and acted in concert with the other Defendants to violate Plaintiff's constitutional rights in furtherance of the conspiracy that continues to the present day."

s. In ¶189, striking through ¶190.

t. In ¶191 through ¶271, striking each and every paragraph and then adding to comport with notice pleading.

8) As of November 18, 2009, the undersigned contacted the opposing counsel via email to inform them of his intent to file an Amended Complaint. Plaintiff has received no response and does not know whether the Defendants consent or object to this Motion for Leave for File an

4

Amended Complaint.

## MEMORANDUM

9) Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party. "[L]eave shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178 (1962), the court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id.* at 230. The court noted that a plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* The amendment will not cause any undue prejudice. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.*

10) In *Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001), the court noted that a District Court's discretion to dismiss a complaint without leave to amend is "'severely restrict[ed]' by Fed. Rule Civ. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" *Williams v. Town of Okoboji*, 606 F.2d 812, 814 (8th Cir. 1979). Unless there is a good reason for denial, "leave to amend should be granted." *Brown v. Wallace*, 957 F2d 564, 566 (8th Cir.1992).

11) "[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Airlines, Inc.*, 868 F.2d 401, 406 (11th Cir. 1999). "[D]iscretion' may be a misleading term, for rule 15(a) severely

5

restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir. 1991). This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 598. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1994).

12) In the case sub judice, there are no reasons to deny Plaintiff's Motion for Leave to Amend the Complaint. This case was filed on July 17, 2009. Plaintiff was forced to file an Emergency Motion for TRO and Preliminary Injunction on October 8 and 26 for continuing crimes and constitutional and statutory rights violations committed by the Defendants. Plaintiff's motions were substantiated with evidence that proved an injunction was needed. As such, there has been no undue delay in amending the Complaint and Plaintiff has a right to test his Complaint on the merits. Although some of the Defendants have responded, the parties have not yet met together for a Case Management Conference, have not completed a Case Management Report, and this Court has not yet entered a Case Management Scheduling Order. The parties have not engaged in any Discovery and therefore amending the Complaint will not require the Defendants to re-file an Answer, will not affect the Case Management Report or the Scheduling Order, and will not affect Discovery as no Discovery has occurred, nor can it occur until the Case Management Conference.

13) Plaintiff has diligently prosecuted this case and there have been no failures to cure any alleged deficiencies. In short, there is no reason to deny Plaintiff's Request for Leave to Amend his Complaint.

WHEREFORE, Plaintiff requests that this Honorable Court grant his Motion for Leave to file an Amended Complaint.

Date: November 18, 2009.

Respectfully Submitted,

Gregory McKenna

Pro Se Plaintiff

9937 Young Drive, H

Beverly Hills, CA 90212

(310) 213-8851

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18 day of November, 2009, a true and accurate copy of Plaintiff's Motion to Stay Proceedings will be forwarded to the Defendants, via first-class mail, postage prepaid, to:

1) Defendants the St. Louis County Police Department, Charles Boschert, & Kenneth Williams represented by the St. Louis County Counselor's Office. Robert. Moore. 41 S.Central Avenue, St. Louis, Missouri 63105;

2) Defendant the FBI. US Attorney's Office. 111 South 10th Street. #20.333. St. Louis. MO 63102;

3) Defendant Apple Inc. represented by Thompson Coburn LLP, Kathy A. Wisniewski & John W. Rogers, One Bank Plaza, St. Louis, MO 63101;

4) Defendant D'Angelo Automotive represented by Childress Ahlheim Cary. Thomas Lewis, 1010 Market St., Suite 500, St. Louis, MO 63101.

(NOTE: Defendants Mark Kappelhoff and A-1 Private Investigations have defaulted. Service of Summons for Defendant Bonine is pending.)

7