UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY McKENNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.   4:09CV1113 CDP |
| ) | |
| ST. LOUIS COUNTY POLICE DEPT. et al,) | |
| ) | |
| Defendants. ) | |

# DEFENDANT MARK A. KAPPELHOFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS

COMES NOW Defendant Mark A. Kappelhoff, in both his individual[1] and official capacity, by and through his attorneys, Michael W. Reap, Acting United States Attorney for the Eastern District of Missouri, and Nicholas P. Llewellyn, Assistant United States Attorney for said District, and in Support of his Motion to Dismiss, submits the following memorandum of law:

## FACTUAL BACKGROUND

In his Amended Complaint, Plaintiff filed a Civil Rights Complaint and Negligence Action against numerous defendants, as well as, against Defendant Kappelhoff, Acting Principal Deputy Assistant Attorney General ("ADAAG"), an employee of the United States Government by way of the United States Department of Justice's ("DOJ") Civil Rights Division, in both his individual and official capacity. While not entirely clear, Plaintiff appears to be asserting his claims with respect to ADAAG Kappelhoff pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). *Amended Complaint* [Doc. 38 Attachment]. In addition, Plaintiff's tort allegations against ADAAG Kappelhoff, in his official capacity, are controlled by the Federal

---

[1] Defendant Kappelhoff has never been served in his individual capacity.  *See also, Defendant Kappelhoff's Opposition to Plaintiff's Motion for Entry of Default.* [Doc. 31]

-1-

Tort Claims Act. 28 U.S.C. § 2871 *et. seq.* Plaintiff's Amended Complaint alleges that he has been threatened, extorted, harassed and tortured by the mafia since 2000 and that a combination of various private and governmental agencies and individuals conspired together to allow the Mafia to continue its alleged threats, extortion and harassment.

According to Plaintiff under Count IX, pages 38-40 of the Amended Complaint, on March 7, 2009, he "submitted a complaint to the United States Department of Justice (USDOJ) Criminal Civil Rights Division...." *Amended Complaint,* ¶94. Plaintiff received Defendant ADAAG Kappelhoff's response to said complaint on or about May 1, 2009, which advised Plaintiff that the Department of Justice declined to pursue his allegations. *Amended Complaint,* ¶95. As a result of ADAAG Kappelhoff's single incident of declining to pursue Plaintiff's unsolicited, individual, declamatory complaint submitted to the Department of Justice, Plaintiff baldly alleges that ADAAG Kappelhoff "acted in concert with other Defendants to violate Plaintiff's constitutional rights..." *Id.*

## MOTION TO DISMISS STANDARD PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide the defendant with a fair notice of a plaintiff's claims and grounds upon which such claim rests. While Rule 8 does not require "detailed factual allegations," it "demands more than an un-adorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Since government officials are frequently targets of non-meritorious suits founded on rhetorical assertions of wrongdoing, the courts have been careful to ensure that plaintiffs suing government officials comply with the standard set out in Fed.R.Civ.P. 8(a). In Butz v. Economou, 438 U.S. 478 (1978), the Supreme Court warned about the possibilities of artful pleading and to "[firmly apply] the Federal Rules of Civil Procedure [to] ensure that federal officials are not harassed by frivolous

lawsuits." 438 U.S. at 508.

A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). As Plaintiff has proceeded *pro se* in this case, his Amended Complaint should be liberally construed, however, it "must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). A motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007)(upholding the granting of defendant's motion to dismiss pursuant to Rule 12(b)(6) and concluding that the "no set of facts" language from the landmark case Conley v. Gibson, 355 U.S. 41, 45 (1957) should be abrogated.). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). This standard requires "*more than a sheer possibility* that a defendant has acted unlawfully." Id. (emphasis added). Stated differently, to survive a motion to dismiss, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965. When dismissing a complaint, the District Court is not required "to pretend that certain facts exist in order to foresee a theory of recovery not actually raised or reasonably inferred by the pleader." Dorothy J. v. Little Rock School Dist., 7 F.3d 729, 734 (8th Cir. 1993).

Moreover, federal courts are courts of limited jurisdiction which may exercise only those powers authorized by the Constitution and statute. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. at 377 (citations omitted). The first and fundamental question presented by every case brought

to the federal courts is whether the court has jurisdiction to hear it. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A plaintiff has the burden of showing by a preponderance of such evidence that subject matter jurisdiction exists. Makarova v. United States, 201 F.3d 110, 113 (2nd Cir. 2000). Sovereign immunity is a jurisdictional bar, and a waiver of sovereign immunity is to be construed strictly and limited to its express terms. See , Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969).

## ARGUMENT

Plaintiff's claims against Defendant ADAAG Kappelhoff, in his individual capacity, should be dismissed (1) for failure to state a claim, (2) because ADAAG Kappelhoff is entitled to qualified immunity and (3) this Court lacks personal jurisdiction over ADAAG Kappelhoff. In addition, any claims against ADAAG Kappelhoff, in his official capacity, should be dismissed as he is entitled to sovereign immunity. Accordingly, all claims against Defendant ADAAG Kappelhoff should be dismissed.

**I.  All Claims Against ADAAG Kappelhoff in His Individual Capacity Should be Dismissed for Failure to State a Claim, Because He Is Entitled to Qualified Immunity and This Court Lacks Personal Jurisdiction over ADAAG Kappelhoff.**

Plaintiff alleges that as a result of ADAAG Kappelhoff declining to pursue his complaint, ADAAG Kappelhoff's "decision to not correct officials' misconduct...intentionally allowed the Maffia stalking, extortion, and torture of Plaintiff and acted in concert with other Defendants to violate Plaintiff's constitutional rights in furtherance of the conspiracy that continues to the present day." *Amended Complaint, ¶95.* The Supreme Court has held that an action can be brought directly under the Constitution for properly pleaded violations by citizens suing Federal officials individually for violations of certain constitutional rights. Bivens v. Six Unknown Named Agents of the Federal

Bureau of Narcotics, 403 U.S. 388 (1971).

With regard to any and all allegations directed toward ADAAG Kappelhoff regarding Plaintiff's implausible civil conspiracy theory, which runs throughout his Amended Complaint, Plaintiff's claim fails. In order to state a claim for civil conspiracy, Plaintiff must allege that 1) two or more persons; 2) with an unlawful objective; 3) after a meeting of the minds; 4) committed at least one act in furtherance of the conspiracy; and 5) the plaintiff was thereby damaged. Oak Bluff Partners, Inc. v. Meyer, 3 S.W.3d 777, 780 (Mo. 1999).

Here, Plaintiff does not allege facts that could plausibly support a civil conspiracy claim against ADAAG Kappelhoff. See Bell Atl. Corp. v. Twombly 127 S.Ct. at 1965 (facts in pleadings "must be enough to raise a right to relief above the speculative level."). Specifically, Plaintiff merely alleges that by way of his complaint to the Department of Justice, ADAAG Kappelhoff "had knowledge of law enforcement officials' criminal neglect and Mafia crimes, but nevertheless, denied Plaintiff's complaint." *Amended Complaint, p. 40.* Despite gaining the alleged "knowledge" solely through Plaintiff's assertions, there is absolutely no evidence that ADAAG Kappelhoff had a "meeting of the minds" with any other defendant in this action in declining to pursue investigation of Plaintiff's DOJ complaint. Thus, Plaintiff fails to state a claim of civil conspiracy against ADAAG Kappelhoff.

As it applies to federal employees accused of constitutional wrongdoing, qualified immunity is established where the official's conduct "does not violate clearly statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Technical Ordnance, Inc. v. United States, 244 F.3d 641, 646 (8th Cir. 2001) cert. denied 534 U.S. 1084 (2002). Further, qualified immunity should be determined "as early as possible because one of the purposes of qualified immunity is to protect public officials from disruptive 'broad-ranging discovery.'" Technical Ordnance, 244 F.3d at 646. "Unless the plaintiff's allegations state a claim

of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). In order to overcome a defendant's qualified immunity, a plaintiff seeking damages for violation of constitutional rights must show that these rights were clearly established at the time of the conduct at issue. Hunter v. Bryant, 502 U.S. 224 (1991).

Additionally, "[a]bsolute immunity covers prosecutorial functions such as the *initiation and pursuit of a criminal prosecution,* the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996)(emphasis added).

Here, Plaintiff has not set forth any plausible facts indicating that ADAAG Kappelhoff was directly involved in or personally responsible for the alleged violations of his constitutional rights. By a single declination of a private citizen's complaint submitted to the Department of Justice for consideration, ADAAG Kappelhoff's decision did not violate "clearly statutory or constitutional rights of which a reasonable person would have known," and therefore, he is entitled to both absolute and qualified immunity.

Furthermore, this Court lacks personal jurisdiction over ADAAG Kappelhoff. Plaintiff has the burden of proving facts supporting personal jurisdiction. Miller v. Nippon Carbon Co., Ltd., 528 F.3d 1087, 1090 (8th Cir. 2008). A federal court may exercise jurisdiction "over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." Id. Missouri's long-arm statute confers jurisdiction to the fullest extent permitted by the Due Process Clause. State ex rel. Metal Service Center of Georgia, Inc. v. Gaertner, 677 S.W.2d 325, 327 (Mo. 1984). "The Due Process Clause requires that 'minimum contacts' exist between the nonresident defendant and the forum state before the court can exercise jurisdiction over the defendant." Nippon Carbon Co., Ltd., 528 F.3d at 1090. To establish personal jurisdiction,

Plaintiff must establish that ADAAG Kappelhoff, in his individual capacity, "purposefully availed [himself] of the privilege of conducting" activities within the State of Missouri. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Plaintiff makes no such allegations, and therefore, Plaintiff has failed to meet his burden of proof. At all relevant times to this litigation, ADAAG Kappelhoff was employed by the Department of Justice. ADAAG Kappelhoff is not a resident of Missouri nor does he maintain an office in Missouri. His office was located in Washington, DC. ADAAG Kappelhoff does not have continuous and systematic contacts with the forum state to be subjected to jurisdiction within the state. As such, Defendant ADAAG Kappelhoff should be dismissed from this suit. See Gonzalez v. Sanders, 2008 WL 3892082 (E.D. Ark. Aug. 19, 2008) (dismissing former Attorney General Alberto Gonzales for lack of personal jurisdiction in a Bivens action).

Finally, Plaintiff's claim against ADAAG Kappelhoff should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as such claim is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous, as in this case, if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

### II. Defendant ADAAG Kappelhoff, Sued in His Official Capacity, Is Entitled to Sovereign Immunity

A suit against a government official acting in his or her official capacity is not just a suit against the official, but rather a suit against the federal government. Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998)("It is well settled that a Bivens action cannot be prosecuted against the United States and its agencies because of sovereign immunity."); see also Hill v. Anderson, 2008 WL 319898, *2 (D. Minn. Feb. 5 2008)("Other Eighth Circuit cases have held that, where a Bivens claim is brought against federal employees in their official capacity, the real party is the United

States and so sovereign immunity attaches."). While a plaintiff suing for money damages against an individual federal officer for violation of constitutionally protected rights has a potential cause of action directly under the Constitution, a "Bivens-type action cannot be prosecuted against the United States Government." Phelps v. U.S. Fed. Gov., 15 F.3d 735, 739 (8th Cir, 1994); see also Hill v. Anderson, 2008 WL 319898 (D. Minn. Feb. 5 2008) ("there is never a Bivens claim against a government employee in an official capacity … the only way the claim can proceed is against a government employee in an individual capacity.").

The United States has not waived its sovereign immunity from suit for money damages arising out of constitutional violations. Hartje v. F.T.C., 106 F.3d 1406 (8th Cir. 1997). An action against a federal employee in his official capacity does not provide a means of cutting through the sovereign immunity of the United States. American Ass'n of Commodity Traders v. Department of Treasury, 598 F.2d 1233, 1235-36 (1st Cir. 1979). The United States and employees sued in their official capacities have sovereign immunity from Bivens actions. Phelps v. United States Federal Gov't, 15 F.3d 735 (8th Cir. 1994).

Here, Plaintiff sued Defendant ADAAG Kappelhoff in both his official and individual capacity as an employee of the United States Department of Justice. Suits against government employees who are sued in their official capacity are considered suits against the United States. The United States cannot be liable for Constitutional violations since the United States has not waived sovereign immunity for actions arising out of Constitutional violations. Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims against ADAAG Kappelhoff, acting in his official capacity, and should dismiss it pursuant to Fed. R. Civ. P. 12(b)(1).

Further, to the extent that Plaintiff's First Amended Complaint seeks to allege common law torts against ADAAG Kappelhoff, such claims must also be dismissed. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, precludes suits against individual federal employees for

common law torts allegedly committed during the course and scope of their employment. 28 U.S.C. § 2679(b)(1). The only proper defendant for such actions is the United States. Wollman v. Gross, 637 F.2d 544, 547 (8th Cir. 1980). The FTCA is a statute which provides limited waiver of sovereign immunity as long as certain conditions set out by Congress have been met. F.D.I.C. v. Meyer, 510 U.S. 471, 475-76 (1994); United States v. Kubrick, 444 U.S. 111 (1979); Laswell v. Brown, 683 F.2d 261, 264 (8th Cir. 1982). "These conditions are construed narrowly and include the requirement that before filing an FTCA action the claimant 'present' an administrative claim requesting a sum certain in damages to the appropriate federal agency and that the claim be finally denied." Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993). See also 28 U.S.C. § 2675(a); Duncan v. Dep't of Labor, 313 F.3d 445, 447 (8th Cir. 2002). Any claims, however, against the United States based on ADAAG Kappelhoff's ' conduct must be dismissed for failure to exhaust his administrative remedies under the FTCA. See Bellecourt at 430; see also 28 U.S.C. § 2675(a). It is settled law that the presentation of an administrative claim complying with section 2675 of the FTCA regulations is a non-waivable jurisdictional requirement. See McNeil v. United States, 508 U.S. 106 (1993).

In order to withstand a motion to dismiss for lack of jurisdiction, a plaintiff must allege compliance with section 2675(a), where the suit under the FTCA is attempted. See Bellecourt, at 430 ("Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant"); In re: Agent Orange Product Liability Litigation, 818 F.2d 210, 214 (2d Cir. 1987). Plaintiff has not pled, nor can he, that he filed an administrative tort claim with the United States Attorney's Office or the United States Department of Justice. As such, any and all common-law tort allegations asserted by Plaintiff against ADAAG Kappelhoff in his official capacity must be dismissed.

## CONCLUSION

For the reasons stated herein, Defendant ADAAG Mark A. Kappelhoff respectfully requests that all claims against him individually or in his official capacity be dismissed.

Respectfully submitted,

MICHAEL W. REAP
Acting United States Attorney

  *s/ Nicholas P. Llewellyn*
NICHOLAS P. LLEWELLYN #52836
Assistant United States Attorney
Chief, Civil Division
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street,  20th Floor
St. Louis, MO 63102
(314) 539-3991, Fax: (314) 539-2777
Nicholas.llewellyn@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2009, the foregoing *Memorandum of Law in Support of Defendant Kappelhoff's Motion to Dismiss* was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system and sent by certified U.S. Mail to:

Gregory McKenna
Plaintiff *Pro Se*
9937 Young Drive, H
Beverly Hills, CA 90212

*s/ Nicholas P. Llewellyn*
NICHOLAS P. LLEWELLYN
Assistant United States Attorney
