UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY MCKENNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 4:09CV1113 CDP |
| ) | |
| THE ST. LOUIS COUNTY POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT**

COME NOW Defendants St. Louis County Police Department, Charles Boschert and Kenneth Williams and in support of their motion to dismiss Plaintiffs' complaint for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and failure to state a claim pursuant to Fed.R.Civ.P. P. 12(b)(6), state the following:

Plaintiff Gregory McKenna ("McKenna") *pro se,* filed a 52-page amended complaint alleging constitutional and state violations against various federal and local law enforcement officials, a private investigator, an auto repair shop and Apple, Inc. The complaint alleges that the Mafia has threatened, harassed, extorted and tortured McKenna for the past decade by means of illegal communication devices placed in his iPod, his residence, his car and other locations the Plaintiff frequents. McKenna asserts that the Mafia has targeted him because he refuses to work as a fashion model in New York. *Am. Comp. §§ 15-17.* McKenna alleges that he reported the Mafia threats and extortion to Defendants St. Louis County Police Department, ("police

1

department") Charles Boschert and Kenneth Williams and they have ignored his complaints. *Id.,* ¶¶ *16-20*. The amended complaint further asserts that these St. Louis County defendants' failed to investigate the crimes and arrest the Mafia members responsible, and that they have violated McKenna constitutional rights.

Specifically, McKenna alleges that Defendant Boschert has refused to investigate the threats, has not returned Plaintiff's numerous phone calls and refused to accept his own scientific evidence of such crimes. *Id.* ¶¶ *24, 28, 34, 38-39*. McKenna alleges that Defendant Williams has ignored his formal complaints made to St. Louis County regarding Boschert's refusal to investigate the alleged crimes. McKenna alleges that the St. Louis County Police Department, with the other Defendants, acted in concert with the Mafia by "maliciously neglecting, violating and depriving plaintiff of his Constitutional rights and refusing to investigate so as to perpetrate the Mafia stalking, extortion and torture." *Id.* ¶ *58* McKenna's amended complaint alleges that the St. Louis County defendants, acting as part of a conspiracy, have violated his First, Fourth, Eighth and Fourteenth Amendment rights and he files suit pursuant to 42 U.S.C. § 1983, § 1985, § 1986 and § 1988. The complaint also alleges violations of 18 U.S.C. § 1331, 18 U.S.C. § 2522 and state law violations for emotional distress, negligence, civil conspiracy, aiding and abetting, tortious interference and fraudulent misrepresentation.

**Dismissal Standard**

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to the Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise

2

a right to relief above the speculative level," however, and the motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., v. Twombly, 550 U.S. 544, 570 (2007) (abolishing the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

**St. Louis County Police Department**

The St. Louis County Police Department is not a suable entity, and should be dismissed from this lawsuit. Capacity to sue shall be determined by the law of the state in which the district court is held. Fed.R.Civ.P. 17(b). A suable entity must either be a corporation, a quasi-corporation, or a natural person in order that suit against it be maintained. Parker v. Unemployment Compensation Comm'n, 214 S.W.2d 529, 534 (Mo. 1948). In the absence of authority to sue or be sued, an entity has no legal standing to be a party to litigation. Id. The St. Louis County Police Department was created by St. Louis County Charter §§ 4.270-4.280. It is a department of St. Louis County, Missouri and has no separate legal standing. Id. Because it is not a suable entity, the Plaintiff's claims against St. Louis County Police Department are legally frivolous and should be dismissed. Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local governments are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp2d. 967, 968-69 (E.D. Mo. 2004) (departments or subdivisions of city government are not suable entities).

**No Constitutional Violation**

Plaintiff McKenna brings this complaint against the Defendants pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 for alleged federal violations. Section 1983 does not create substantive rights, but rather serves as a "method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n.3, 99 S.Ct. 2689, 61 L.Ed.433 (1979). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed. 40 (1988). Plaintiff alleges that his rights have been violated because the St. Louis County Defendants did not investigate his complaints of Mafia harassment or arrest the alleged perpetrators. McKenna disagrees with the action of the police department, Boschert and Williams, sued in their individual and official capacities, not to investigate the alleged Mafia crimes.

Federal law clearly establishes that there is no actionable claim under 42 U.S.C. § 1983 regarding a law enforcement officer's investigation of a crime. *See* Andrews v. Fowler, 98 F.3d 1069, 1079 (8th Cir. 1996) (law enforcement officers failure to investigate a crime does not rise to the level of a violation of any constitutional right) *citing* Gomez v. Whitney, 757 F.2d 1005, 1006 & n.1 (9th Cir. 1985) (stating that court could find "no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved"). *See also* DeShaney v. Winnebago County Dep't of Social Servs,. 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) (state officials have no constitutional duty to investigate and prevent allegations of private abuse); Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 S.Ed.2d 536 (1973) ("a private citizen lacks a

judicially cognizable interest in the prosecution or nonprosecution of another"); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1045 (9th Cir. 1994) (police officers have no affirmative duty to a plaintiff to investigate a crime in a particular way) Cobble v. Maze, 2006 2375594, *1 (W.D.Ky. 2006) (plaintiff had no cognizable claim under § 1983 when law enforcement officers failed to conduct an investigation on the plaintiff's criminal complaint); Hall v. Santa Rosa C.I., 2007 WL 474370, *7 (N.D.Fla. 2007) (state officials have no duty to a member of the public to investigate and prosecute crimes committed against that person).; Chang v. Shin, 2002 WL 1299873, *7 (C.D.Cal. 2002) (there is no viable claim under 42 U.S.C. § 1983 against police officers for inadequate criminal investigation). Because Plaintiff's complaint does not allege a constitutional injury based on the Defendant's failure to investigate, it does not state a claim upon which relief can be granted.

**42 U.S.C. §§ 1985 and 1986 Conspiracy**

McKenna alleges that all of the Defendants conspired to prevent the Mafia crimes from occurring, thereby resulting in the abridgment of Plaintiff's rights in violation of 42 U.S.C. § 1985. The complaint does not state which subsection applies to Plaintiff's claims. Regardless, Plaintiff fails to state a claim under 42 U.S.C. § 1985.

The elements of a claim under 42 U.S.C. § 1985(2) are that: 1) defendants conspired; 2) for purposes of impeding, hindering, obstructing, or defeating in any manner the due course of justice; 3) with intent to deny a citizen of the equal protection of the law or injure him for lawfully enforcing, or attempting to enforce, the right of any person to the equal protection of the law. 42 U.S.C. § 1985(2). To establish the existence of a conspiracy under 42 U.S.C. § 1985(3), plaintiff must prove that the defendants: 1) conspired; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of

equal privileges and immunities under the laws; (3) that one or more of the conspirators did, or caused an act in furtherance of the object of the conspiracy; (4) and that plaintiff was injured in his person or property or deprived of having and exercising any right or privilege or a citizen of the United States. 42 U.S.C. § 1985(3). Plaintiff must also satisfy the "purpose" element of § 1985(2) and (3) by showing some racial, or class-based discriminatory animus. <u>City of Omaha Employees Betterment Assoc. v. City of Omaha AFSCME, Legal 251</u>, 883 F.2d 650, 652 (8th Cir. 1989). Also, to succeed on a civil rights conspiracy claim, the plaintiff must show discriminatory purpose in that the defendants selected the particular course of action "because of" and not merely "in spite of" its adverse affects upon an identifiable group. <u>Andrews</u>, 98 F.3d 1079-90. (citations and quotations omitted). Lastly, any conspiracy claim requires a showing that two or more persons conspired to deprive a person of his or her rights. *See also* <u>City of Omaha Employees Betterment Ass'n</u>, 883 F.2d at 652 (constitutional conspiracy requires showing that two or more persons conspired to deprive a person of his or her right to equal protection of the laws and that an act was done in furtherance of the conspiracy that caused injury or deprivation to another). A Court may dismiss a complaint alleging conspiracy when the complaint does not allege facts suggesting a mutual understanding or meeting of the minds between defendants to commit the conspiracy. <u>Cooper v. Delo</u>, 997 F.2d 376, 377 (8th Cir. 1993).

    Plaintiff's complaint makes no allegations of class-based discriminatory animus, and therefore, fails to state a claim under § 1985. Furthermore, the complaint is silent as to facts alleging a mutual understanding or meeting of the minds between the Defendants, and any overt act by any Defendant, to accomplish the conspiracy. Based on the foregoing, Plaintiff fails to state a claim under 42 U.S.C. § 1985. *See* <u>Jensen v. Henderson</u>, 315 F.3d 854, 862-863 (8th Cir.

2002) (to prove conspiracy in violation of § 1985, plaintiff must prove agreement between conspirators, by pointing to at least some facts which suggest they reached an understanding to violate plaintiff's rights). The complaint's failure to state a claim under § 1985 is fatal to Plaintiff's claim under 42 U.S.C. § 1986. *See* Estate of Gatlin v. Green, 362 F.3d 1089, 1095 (8th Cir. 2004) (section 1986 claim for failure to prevent wrongs must be predicated on a valid § 1985 claim for conspiracy to deprive a person of equal protection of the laws). Because of these pleading deficiencies, Plaintiff's claims under 42 U.S.C. § 1985 and 42 U.S.C. § 1986 must be dismissed.

**Federal Jurisdiction**

The Plaintiff's complaint alleges federal jurisdiction in this case pursuant to 28 U.S.C. 1331 (federal question) and 28 U.S.C. 1331 (civil rights deprivation). *Am. Comp. ¶ 14.* The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on face of a properly pleaded complaint. Caterpillar Inc., v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987). Federal courts cannot hear claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit, wholly unsubstantial, obviously frivolous, plainly unsubstantial or no longer open to discussion." Hagans v Lavine, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 1379 (1974) (internal quotations and citations omitted). *See also* Bell v. Hood, 327 U.S. 678, 682-83, 66 S.Ct. 773, 776 (1946) (court lacks subject matter jurisdiction where a claim is "wholly insubstantial and frivolous"). Under Rule 12(b)(1), a claim is "patently unsubstantial" when it presents no federal question suitable for decision. Best v. Kelly, 39 F.3d 328, 330 (D.D.Cir. 1994) There is no question that "jurisdiction does not arise simply because an averment is made as to the existence of a constitutional question, if it simply appears that such

7

averment is not real and substantial, but is without color or merit." Newburyport Water Co., v. Newburyport, 193 U.S. 561, 576, 24 S.Ct. 553, 556 (1904). A Court is required to dismiss a complaint "if [it] determines at any time it lacks subject matter jurisdiction[.]" Fed.R.Civ.P. 12(h)(3); *see* Steel Co., v. Citizens for a Better Environment, 523 U.S. 83, 94 118 S.Ct. 1003, 1012 (1998) (without jurisdiction, the court cannot proceed with any case because it lacks power to adjudicate).

In his complaint, McKenna makes claims regarding Mafia threats, harassment and extortion made against him over a ten-year period. He alleges that the failure of the St. Louis County defendants to investigate and arrest the Mafia members is the result of a conspiracy with other defendants. McKenna alleges no facts in making his assertion that the defendants are part of conspiracy against him. His complaint is "wholly insubstantial" and not plausible because his case theory alleges no facts to show the involvement of the St. Louis County defendants in the alleged deprivations. Moreover, there are no allegations to support the assertion that defendants conspired with each other, and the Mafia, to violate his rights. These claims are "essentially fictitious" and "fanciful" due to the broad and "bizarre conspiracy theory" that is alleged and this complaint warrants dismissal under Rule 12(b)(1). Best, 39 F.3d at 330; *see also* Bell Atlantic Corp., v. Twombly, 550 U.S. 544, 570 (2007) (a complaint must plead "enough facts to state a claim for relief that is plausible on its face"); Newburyport Water Co., 193 U.S. at 579 (claims that are "so attenuated and insubstantial as to be absolutely devoid of merit" should be dismissed). The bald assertions and legal conclusions presented in the amended complaint are not sufficient factual predicate for any cognizable action. See Bell Atlantic, 127 S.Ct. at 1964 (plaintiff's obligation to set forth grounds for relief requires more than labels and conclusions). Other jurisdictions have dismissed similar conspiracy-filled complaints pursuant to Fed.R.Civ.P.

12(b)(1) where they allege government conspiracies involving electronic surveillance. *See* Richards v. Duke Univ., 480 F.Supp.2d. 222, 232-33 (D.D.C. 2007) (complaint which alleged that the FBI, the Department of Justice, Duke University, Georgetown University and Microsoft, conducted illegal surveillance of Plaintiff was "fantastic" and "patently insubstantial" and was dismissed pursuant to Rule 12(b)(1)); Carone-Ferdinand v. Central Intelligence Agency, 131 F.Supp.2d. 232, 235-36 (D.D.C. 2001) (dismissing for lack of subject matter jurisdiction a complaint that alleged a "bizarre conspiracy theory" in which the CIA killed the plaintiff's father because Plaintiff would not assist CIA in assassination and drug trafficking activity); O'Brien v. United States Dep't of Justice, 927 F.Supp. 382, 384-85 (D. Ariz 1995) (complaint that alleged the United States Department of Justice and other defendants, including Farmer's Insurance Company, Nancy Reagan and the Phoenix Suns, installed wiretapping equipment on Plaintiff's telephone and infected her with germs was "so bizarre and delusional that is was wholly insubstantial" and was dismissed for lack of jurisdiction).

**Failure to State a Claim**

Plaintiff McKenna's complaint does not state a claim upon which relief can be granted because it does not satisfy Fed.R.Civ.P. 8(a)(2) and (e)(1) or Rule 12(b)(6). There are no fact allegations to support his argument of that the St. Louis County defendants are responsible for the Mafia harassment and his alleged constitutional deprivations. Plaintiff's complaint alleges facts that are not related to any of the Defendants, details events that did not occur in this jurisdiction and contains duplicative allegations. Rule 8(a)(2) mandates that a complaint should be "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) states that each "averment of a pleading shall be simple, concise and direct."

McKenna's complaint contains allegations about complaints of Mafia harassment filed with the LAPD, Beverly Hills Police Department, the Los Angeles branch of the FBI and the U.S. Attorney's Office in Los Angeles (*Am. Comp.* ¶¶ 78-82); complaints of Mafia harassment filed with the FBI office in Washington, D.C (*Id.* ¶ 42); his reported complaints to Dr. Chand of St. Louis University as part of a pre-trial diversion program (*Id.* ¶¶ 43-44); statements about his recordings of the Mafia threats and his proof of "bugs" planted in his residence and other locations (*Id.* ¶¶ 57, 67); and details of his purchases of the "CSD-21", "SBD-5H" and "DET2" counter-surveillance, bug-detection systems in order prove that the Mafia was using illegal communication devices in his residence (*Id.* ¶¶ 50-53); text of a conversation with unknown FBI Agent #5 (*Id.* ¶ 85);.

None of these allegations have any connection to the alleged unconstitutional acts of the St. Louis County defendants. The amended complaint is difficult to understand because of McKenna's numerous irrelevant and immaterial allegations. Because of this, it is burdensome for the parties to respond to. Hence, dismissal under Rule 12(b)(6) is proper. *See, e.g.,* Chinea-Varela v. Columbia Broadcasting Systems, Inc., 2001 WL 137246 *1 (9th Cir. 2001) (upholding district court's dismissal of complaint that was "verbose, lengthy and convoluted" because it violated the requirements of Fed.R.Civ.P. 8(a)); Thomas v. American Tobacco Co., 173 F.R.D. 546, 547 (M.D. Ga. 1997) (dismissing complaint that was "needlessly lengthy, verbose and repetitious."); Burton v. Peartree, 326 F.Supp. 755, 58-9 (E.D.Pa. 1971) (dismissing a "lengthy rambling complaint" which contained "little more than demands, charges and conclusions" because it was not a short and plain statement of the case); Gonzalez v. Wing, 167 F.R.D. 352, 354 (N.D.N.Y. 1996) (dismissing complaint that was "incredibly dense and verbose" and

contained numerous fact averments that made it "impossible to discern which facts support, or are even relevant to," individual claims).

Additionally, the amended complaint does not allege facts to show the defendants' involvement in the alleged violations. Although a pro se claim must be liberally construed, a complaint containing broad and conclusory allegations warrants dismissal by the Court. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985). In order to survive motion to dismiss for failure to state claim upon which relief can be granted, civil rights complaint must contain facts which state a claim as matter of law and must not be conclusory. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). The complaint must also show the personal involvement of the defendants in the alleged deprivation. Martin, 780 F.2d at 1338.

The amended complaint alleges that Defendant Williams refused to investigate a complaint about Boschert filed by McKenna. In a letter, Williams stated that Boschert did not violate any St. Louis County Police Department rules or regulations by not investigating the alleged harassment. *Am. Complaint.* ¶¶ *45-48*. McKenna does not allege facts to show how Williams' actions violated any federal right or assert facts to show that he "willfully and knowing denied Plaintiff's complaint to allow the Mafia stalking, extortion. Torture and use of illegal communications devices to continue." *Id.* ¶ *46*. The amended complaint also alleges no facts to show that Williams conspired with others to deprive the Plaintiff. Similarly, McKenna also makes does not allege how Boschert's failure to investigate the claims of Mafia harassment resulted in any constitutional violations. The complaint makes bare conclusions when it alleges that Boschert acted to "willfully violate, neglect and deprive Plaintiff's rights and knowingly allow the Mafia stalking, extortion and torture to continue." *Id.* ¶ *39*. Because the complaint

fails to state a claim against St. Louis County Police Department and Defendants Boschert and Williams, it should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

**18 U.S.C. § 3771**

Plaintiff asserts a violation of the Crime Victims Rights Act ("CVRA") 18 U.S.C. § 3771 (Count IV). The CVRA provides victims of federal crimes certain rights related to the criminal proceedings of an accused. 18 U.S.C. § 3771. To the extent that Plaintiff seeks damages for a CVRA violation, he does not state a claim. See 18 U.S.C. § 3771(d)(6) ("nothing in this chapter shall be construed to authorize a cause of action for damages..."). Additionally, McKenna has not alleged or provided any evidence of a pending federal criminal proceeding against an accused. The CVRA does not apply here because there is no pending federal criminal proceeding under which McKenna can be "crime victim." *See* 18 U.S.C. § 3771(b) (rights afforded to crime victim stem from "any court proceeding involving an offense against a crime victim...."); *see also* In re W.R. Huff Asset Management Co., LLC, 409 F3d 555, 564 (2d Cir. 2005) (The Crime Victims' Rights Act does not grant victims any rights against individuals who have not been convicted of a crime). Because there is no criminal proceeding under which McKenna can assert rights afforded by the CVRA, 18 U.S.C. § 3771, he does not state an actionable claim.

**18 U.S.C.§ 2520**

McKenna seeks damages under the Omnibus Crime Control and Safe Streets Act, 18 U.S.C.§ 2520. The statute permits persons, whose oral, wire or electronic communications are intercepted, disclosed or used in violation of the statute to recover damages from the person or entity which committed the violation. *See* 18 U.S.C.§ 2520(a); *see e.g.*, Deal v. Spears, 980 F.2d 1153, 1156 (8th Cir. 1992) (federal civil cause of action arises when a person intentionally

intercepts a wire or electronic communication or intentionally discloses the contents of the interception). McKenna's amended complaint fails to state a claim under the statute because it does not allege or assert that any of his communications were intercepted by the "illegal communications devices" allegedly found in his residence, car and other places he visited. *See* Am. Compl. (alleging that the Mafia used illegal communication devices to stalk, extort, torture, harass, deprive sleep, threaten plaintiff). The complaint does not allege that any of McKenna's communications were intercepted and used by the Mafia, but rather that the illegal communications devices were used by the Mafia to transmit threats and harassment to him. The complaint plainly does not allege any involvement of the St. Louis County defendants in intercepting his communications so that 18 U.S.C.§ 2520 is triggered. In addition, the alleged harassment detailed in the amended complaint occurs over a 10 year period. Based on these allegations, the bulk of any claims under 18 U.S.C. § 2520 are barred by the statute's two-year statute of limitations. Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995).

WHEREFORE, Defendants pray that this Court grant their motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted and for such other relief as this court deems appropriate.

Respectfully submitted,

PATRICIA REDINGTON
COUNTY COUNSELOR

By: /s/ Robert C. Moore
    Robert C. Moore    #93626 (E.D. Mo.)
    Assistant County Counselor
    41 S. Central Avenue, 9th Floor

Clayton, Missouri 63105
(314) 615-7042
Attorney for Defendants

## CERTIFICATE OF SERVICE

I, Robert C. Moore, hereby certify that on December 9, 2009 the foregoing was filed electronically with the Clerk of Court and by first class mail to:

Gregory McKenna
9937 Young Drive, H
Beverly Hills, CA 90212

/s/ Robert C. Moore
Robert C. Moore     #93626 (E.D. Mo.)
Assistant County Counselor
41 S. Central Avenue, 9th Floor
Clayton, Missouri 63105
(314) 615-7042
Attorney for Defendants