RECEIVED BY MAIL
DEC 11 2009
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

United States District Court

EASTERN DISTRICT OF MISSOURI

GREGORY MCKENNA,

    Plaintiff

        Vs.

THE ST. LOUIS COUNTY POLICE DEPARTMENT,
OFFICERS CHARLES BOSCHERT, KENNETH
WILLIAMS, 8 UNKNOWN AGENTS OF THE
FEDERAL BUREAU OF INVESTIGATION,
MARK KAPPELHOFF, APPLE INC., A-1
PRIVATE INVESTIGATIONS, TIMOTHY
BONINE, D'ANGELO AUTOMOTIVE,

    Defendants

Case No. 4:09cv1113CDP

JURY DEMANDED

## PLAINTIFF'S RESPONSE TO DEFENDANTS THE ST. LOUIS COUNTY POLICE, CHARLES BOSCHERT, AND KENNETH WILLIAMS' MOTION TO DISMISS

### I. Background

Plaintiff brought this action for monetary, declaratory and injunctive relief under 42 U.S.C. 1983, 1985, 1986, 1988, and Missouri tort law seeking protection from Defendants the St. Louis County Police (STLPD), Charles Boschert (Boschert), Kenneth Williams (Williams), and others for unlawfully violating Plaintiff's constitutional rights to privacy, property, liberty, freedom from cruel and unusual punishment, due process, and others (*See* Amended Comp., at ¶ 1, 30, 96, 97, 98, ). The underlying allegation is that Plaintiff is a victim of Italian Mafia stalking, extortion, and exaction that has lasted 9 years because Defendants the St. Louis County Police, FBI, Apple Inc., D'Angelo, A-1 Investigations, and other law enforcement officials acted in concert to perpetuate the Mafia crimes. (*Id.* at ¶¶ 19, 20, 30, 48, 60, 71, 86, 90, 95). Specifically,

seeks to have a case dismissed as moot [or fictitious] he must demonstrate that there is no reasonable expectation that the alleged wrongs will be repeated. *Dixie Fuel Co. v. Commissioner of Social Sec.*, 171 F.3d 1052, 1999 Fed.App.0111P, (C.A.6 (Ky.) 1999).

Additionally, the object of a motion to dismiss pursuant to F.R.C.P. 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Robotic Vision Systems, Inc.*, 374 B.R. 36, (Bkrtcy.D.N.H. 2007). The Court should dismiss the claim only if it appears beyond reasonable certainty that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Friedman v. City of Overland*, 935 F.Supp. 1015, (E.D.Mo. 1996).

Like any complaint, a *pro se* complaint may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Id.* at 520-21. The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit a plaintiff to amend. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

Albeit the STLPD is not a suable entity (*Catlett v. Jefferson County*, 299 F. Supp2d. 967, 968-69 (E.D. Mo. 2004)), the County of St. Louis is a suable entity under Section 1983. (Suits under 42 USCS ß 1983 against city officials in their official capacities are to be treated as suits against city. *Varela v Jones* (1984, CA10 NM) 746 F.2d 1413). In effect, Plaintiffs' allegations against the STLPD should be construed as directed against the County of St. Louis since the allegations are directed against [county] officials acting in their official capacities (See Amended Comp. at ¶13). Although a plaintiff may not amend his complaint through arguments in his brief, he may explain in his memorandum that the complaint as worded encompasses a claim that would entitle him to relief. *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993). Furthermore, the court's obligation to liberally construe a *pro se* plaintiff's pleadings includes a duty to consider allegations found in other documents filed by Plaintiff. *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992). Here, Plaintiff alleges that the STLPD and its officers is an entity for which the County of St. Louis is liable. Therefore, Plaintiff's complaint should not be dismissed.

The Defendants next contend that the Court lacks federal jurisdiction since Plaintiff alleged "essentially fictitious," "wholly insubstantial" and "fanciful" claims. Particularly, Defendants allege that Plaintiff recording video of Mafia death threats transmitted to an illegal communication device planted in his Apple PowerBook G4 "while flying 30,000 feet (not 300,000) in the air," is an implausible, fantastic, and borderline delusional allegation. Defendants lack of knowledge of ground-to-air and satellite radio communication technology does not make Plaintiff's claims implausible. American Airlines, Delta, Southwest Airlines, JetBlue, and other

5

commercial airlines have installed Wi-Fi Internet connections available to domestic and international passengers that make radio communication possible from third party sources. (See article: http://www.usatoday.com/tech/news/2009-03-american-delta-airlines-wifi_N.htm). Furthermore, the illegal communication devices were scientifically proven to exist in Plaintiff's complaint based on evidence such as positive bug sweep confirmations, recordings of telephone tap tests, recordings of death threats from Apple iPods and computers, private investigator reports, and other evidence. (See Amendment Comp., ¶¶ 23, 33, 50-53, 57, 64, 67, 74, 77, 78, 89). A Defendant who seeks to have a case dismissed as moot [or fictitious] must demonstrate that there is no reasonable expectation that the alleged wrongs will be repeated. *Dixie Fuel Co. v. Commissioner of Social Sec.*, 171 F.3d 1052, 1999 Fed.App.0111P, (C.A.6 (Ky.) 1999). Here, Defendants clearly have not met their burden. Therefore, their motion to dismiss for lack of federal jurisdiction should be ignored.

B. Failure to State a Claim

The Defendants argue that Plaintiff's complaint does not state a claim upon which relief can be granted because it does not satisfy Fed.R.Civ.P. 8(a)(2) and (e)(1), and because it does not allege facts showing the involvement of Defendants Boschert and Williams in the deprivation of McKenna's constitutional rights.

Plaintiff filed a 123 page complaint seeking declaratory, injunctive, and monetary relief for 16 counts committed by each of the 9 defendants for 9 years. The complaint contained specific allegations to demonstrate a causal link between the neglect committed by Defendants the STLPD, Boschert, Williams, Unknown FBI Agents, Apple, D'Angelo, Kappelhoff, and others that began in 2000 and continues to the present day. Specifically, the complaint stated

6

detailed facts such as allegations about prior court proceedings with Judge Sherry (See Comp., ¶¶162-165), complaints of Mafia harassment filed with the FBI office in Washington, D.C. and the NYPD (*Id.* ¶¶67-68), complaint made to the Beverly Hills Police Department (*Id.* ¶¶172-176), complaints of Mafia harassment made to the USDOJ, US Representative Waxman and the American Civil Liberties Union (*Id.* ¶187), and others. Plaintiff filed an Amended Complaint that shortened the original Complaint from 123 to 52 pages and expunged facts to comply with Rule 8(a)(2) and (e)(1). Therefore, the Defendants' allegation that Plaintiff's complaint fails to comply with Rule 8(a)(2) and (e)(1) should be ignored.

Finally, the Defendants purport that the complaint does not allege sufficient facts showing the personal involvement of Defendants Boschert and Williams in the alleged violations and that their actions were not done in concert with the other Defendants. Albeit the Defendants allege that Boschert and Williams innocently made a decision to refuse to investigate and no wrongful act was committed, police officers have an affirmative duty to enforce the laws and a failure to do so imputes liability for damages sustained by the victim. *Gagnon v. Ball*, 696 F.2d 17 (2nd Cir. 1982); *Ware v. Reed*, 709 F.2d 345, 353 (5th Cir. 1983); *Archie v. Racine*, 826 F.2d 480 (7th Cir. 1987), *Bruner v. Dunaway*, 684 F.2d 422, 426 (6th Cir. 1982); *cert. denied* 459 U.S. 1171, 103 S. Ct. 816, 74 L.Ed. 2d 1014 (1983). Accordingly, the Defendants' decision to refuse protection is a sufficiently alleged wrongful act that imputes liability to the Defendants. For that matter, the complaint clearly alleges that Defendants Boschert, Williams, Unknown FBI Agents, and others wrongfully acted in concert with an unlawful purpose to allow the Mafia stalking, extortion, and exaction to continue. (See Original Comp., ¶¶99, 103, 116-117, 123, 134-136, 186; and Amended Comp., ¶¶24, 28-30, 45-48, 55-60). Therefore, the Defendants were sufficiently

involved in the wrongs committed against Plaintiff and the complaint is well-pled.

Where Defendants allege Plaintiff's complaint does not state sufficient facts for conspiracy, recent case law indicates that a plaintiff need not provide facts in order to allege a conspiracy to violate a person's constitutional rights. Instead, a plaintiff need only identify the parties, purpose, and approximate date of the conspiracy. *See Loubser v. Thacker*, 440 F.3d 439, 442-43 (7th Cir.), *cert. denied*, __ U.S. __, 126 S. Ct. 2944 (2006). Here, Plaintiff specifically alleged that Defendants Boschert and Williams were involved in a conspiracy to neglect his complaint against the Mafia to perpetuate the stalking, extortion, and torture. Thus, Plaintiff has identified the parties, the purpose – to neglect his complaint and perpetuate the Mafia crimes, and the approximate date of the conspiracy – from August 15, 2000 to the present. Consistent with Eighth Circuit authority and the Court's obligation to construe complaints liberally in favor of *pro se* plaintiffs, Plaintiff has adequately stated a claim for which relief can be granted and the Defendants' motion should be dismissed.

WHEREFORE, for the aforesaid reasons, Plaintiff requests that this Honorable Court dismiss the Defendants' motion and grant Plaintiff relief for which this court deems appropriate.

Date: November 25, 2009.

Respectfully Submitted,

Gregory McKenna

Pro Se Plaintiff

9937 Young Drive, H

Beverly Hills, CA 90212

(310) 213-8851

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this $\underline{25}$ day of November, 2009, a true and accurate copy of Plaintiff's Emergency Motion for Preliminary Injunction will be forwarded to the Defendants, via first-class mail, postage prepaid, to:

1) Defendants the St. Louis County Police Department, Officers Charles Boschert, & Kenneth Williams, 7900 Forsyth Boulevard, Clayton, Missouri 63105;

2) Defendant the FBI, US Attorney's Office, 111 South 10th Street, #20.333, St. Louis, MO 63102;

3) Defendant Apple Inc. represented by Thompson Coburn LLP, Kathy A. Wisniewski & John W. Rogers, One Bank Plaza, St. Louis, MO 63101;

4) Defendant D'Angelo Automotive, 1104 North Jefferson, Florissant, MO 63031.

(NOTE: Defendants Mark Kappelhoff and A-1 Private Investigations have refused service of summons. Plaintiff's Motion for Default Judgment was filed against the Defendants on October 27, 2009. A copy of this motion will be sent to Defendant Bonine when he answers Plaintiff's Complaint.)

gry McKenne
t Youngs Drive, H
CA 90212

US District Court
Attn: Clerk's Office
111 South 10th Street, Suite 3.300
St. Louis, MO 63102

RECEIVED
BY MAIL

DEC 11 2009

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS