UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY McKENNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1113 CDP |
| ) | |
| ST. LOUIS COUNTY POLICE DEPT. et al,) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS UNKNOWN AGENTS OF THE FEDERAL BUREAU OF INVESTIGATION'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

COMES NOW Defendants Unknown Agents of the Federal Bureau of Investigation ("Unknown FBI Agents"), sued in both their individual and official capacity, by and through their attorneys, Michael W. Reap, Acting United States Attorney for the Eastern District of Missouri, and Nicholas P. Llewellyn, Assistant United States Attorney for said District, and in Support of their Motion to Dismiss, submit the following memorandum of law:

**FACTUAL BACKGROUND**

In his Amended Complaint, Plaintiff filed a Civil Rights Complaint and Negligence Action against numerous defendants, as well as, against five (5) separate Unknown FBI Agents, in both their individual and official capacity. While not entirely clear, Plaintiff appears to be asserting his claims with respect to the Unknown FBI Agents pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,</u> 403 U.S. 388 (1971). *Amended Complaint* [Doc. 38 Attachment]. In addition, Plaintiff's tort allegations against the Unknown FBI Agents, in their official capacity, are controlled by the Federal Tort Claims Act. 28 U.S.C. § 2871 *et. seq.* Plaintiff's Amended Complaint alleges that he has been threatened, extorted, harassed and tortured by the Mafia since 2000 and that a combination of various private and governmental agencies and individuals conspired

-1-

together to allow the Mafia to continue its alleged threats, extortion and harassment.

Plaintiff alleges that when he telephoned the St. Louis FBI Office in 2000 regarding his Mafia scenario, Unknown FBI Agent #1 did "wrongfully state to Plaintiff" that the mafia stalking, extortion threats, rape attempts, and kidnapping were an STLPD issue." *Amended Complaint, pp. 5-6.* Plaintiff claims that this single encounter on the telephone violated his "constitutional rights" and was and act of "malicious neglect." *Id.* Plaintiff alleges that this was the "Beginning of the Mafia Conspiracy..." *Id. Count I, p. 4.*

Approximately six (6) years later in 2006, Plaintiff again telephoned the St. Louis FBI Office "to file a complaint for Police misconduct and spoke to Unknown FBI Agent #2 Mary." *Amended Complaint, p. 9.* Plaintiff claims that Unknown FBI Agent #2 "refused to allow Plaintiff to speak with an Agent." *Id.* As a result, Plaintiff states that he was "forced to file a complaint with the FBI in person on April 26, 2006." *Id.* When Plaintiff arrived at the St. Louis FBI Office, he encountered Unknown FBI Agent #2 who again "refused to allow him to speak to an Agent." *Id.* Plaintiff claims that his telephone conversation and brief personal encounter with Unknown FBI Agent #2 somehow violated his constitutional rights by way of "wrongful impugnment." *Id.*

During Plaintiff's conversation with Unknown FBI Agent #2, Unknown FBI Agent #3 "entered the office with coworkers." *Id.* Unknown FBI Agent #3 referred to himself as "'Agent'" and Plaintiff proceeded to advise him of the Mafia scenario and that the "STLPD were unlawfully violating, neglecting, and depriving him of his Constitutional rights by refusing to open an investigation." *Id.* Unknown FBI Agent #3 advised Plaintiff that the "FBI did not have jurisdiction over the issues..." he presented so Plaintiff drummed up an implausible conspiracy theory that Unknown FBI Agent #3 was "act[ing] in concert with the Mafia and other Defendants...and wrongfully lied to Plaintiff and wilfully allowed the stalking, extortion, and torture to continue. *Id. P. 10.*

Then, approximately two (2) years later in April 2008, while Plaintiff was residing in or around Los Angeles, California, he claimed that the Los Angeles Police Department ("LAPD") wantonly neglected his rights so he filed a complaint with the "FBI's field office in Los Angeles... for the Mafia conspiracy continuing." *Amended Complaint, p.31*. Plaintiff claims that Unknown FBI Agent #4, employed at the Los Angeles FBI Office "erroneously impugn[ed]" Plaintiff's cross-country Mafia conspiracy theory and "carelessly refuse[d] to accept Plaintiff's written complaint and evidence and instructed him to wait until the LAPD submitted his complaint to the FBI[]" while the "stalking, extortion, and torture continued." *Id.*

A couple weeks after submitting his written complaint to the Los Angeles FBI Office, Plaintiff telephoned the FBI Office and spoke to Unknown FBI Agent #5. *Amended Complaint, p. 33*. The conversation as portrayed by Plaintiff covers pages 33 through 36 of the Amended Complaint. Plaintiff alleges that as a result of this single telephone conversation, he sought counseling for the "intentional infliction of emotional distress and neglect of his Constitutional rights... and remained in contact with his counselor to seek therapy for the post traumatic stress disorder caused by Defendants' malicious neglect." *Amended Complaint, p. 36*.

**MOTION TO DISMISS STANDARD PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide the defendant with a fair notice of a plaintiff's claims and grounds upon which such claim rests. While Rule 8 does not require "detailed factual allegations," it "demands more than an un-adorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Since government officials are frequently targets of non-meritorious suits founded on rhetorical assertions of wrongdoing, the courts have been careful to ensure that plaintiffs suing government

officials comply with the standard set out in Fed.R.Civ.P. 8(a). In <u>Butz v. Economou</u>, 438 U.S. 478 (1978), the Supreme Court warned about the possibilities of artful pleading and to "[firmly apply] the Federal Rules of Civil Procedure [to] ensure that federal officials are not harassed by frivolous lawsuits." 438 U.S. at 508.

A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. <u>Morton v. Becker</u>, 793 F.2d 185, 187 (8th Cir. 1986). As Plaintiff has proceeded *pro se* in this case, his Amended Complaint should be liberally construed, however, it "must contain specific facts supporting its conclusions." <u>Martin v. Sargent,</u> 780 F.2d 1334, 1337 (8th Cir. 1985). A motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007)(upholding the granting of defendant's motion to dismiss pursuant to Rule 12(b)(6) and concluding that the "no set of facts" language from the landmark case <u>Conley v. Gibson</u>, 355 U.S. 41, 45 (1957) should be abrogated.). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). This standard requires "*more than a sheer possibility* that a defendant has acted unlawfully." <u>Id.</u> (emphasis added). Stated differently, to survive a motion to dismiss, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 1965. When dismissing a complaint, the District Court is not required "to pretend that certain facts exist in order to foresee a theory of recovery not actually raised or reasonably inferred by the pleader." <u>Dorothy J. v. Little Rock School Dist.</u>, 7 F.3d 729, 734 (8th Cir. 1993).

Moreover, federal courts are courts of limited jurisdiction which may exercise only those powers authorized by the Constitution and statute. <u>Kokkonen v. Guardian Life Ins. Co. of America</u>,

511 U.S. 375, 377 (1994). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. at 377 (citations omitted). The first and fundamental question presented by every case brought to the federal courts is whether the court has jurisdiction to hear it. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A plaintiff has the burden of showing by a preponderance of such evidence that subject matter jurisdiction exists. Makarova v. United States, 201 F.3d 110, 113 (2nd Cir. 2000). Sovereign immunity is a jurisdictional bar, and a waiver of sovereign immunity is to be construed strictly and limited to its express terms. See , Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969).

## ARGUMENT

Plaintiff's claims against the five (5) Unknown FBI Agents, in their individual capacity, should be dismissed 1) for failure to state a claim, and 2) because the Unknown FBI Agents are entitled to qualified immunity. In addition, any claims against the Unknown FBI Agents, in their official capacity, should be dismissed as he is entitled to sovereign immunity. Accordingly, all claims against all Defendant Unknown FBI Agents should be dismissed.

**I.** **All Claims Against Unknown FBI Agents in Their Individual Capacity Should be Dismissed for Failure to State a Claim and Because They Are Entitled to Qualified Immunity**

The Supreme Court has held that an action can be brought directly under the Constitution for properly pleaded violations by citizens suing Federal officials individually for violations of certain constitutional rights. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

With regard to any and all allegations directed toward any of the Unknown FBI Agents regarding Plaintiff's implausible civil conspiracy theory, which runs throughout his Amended

Complaint, Plaintiff's claim fails. In order to state a claim for civil conspiracy, Plaintiff must allege that 1) two or more persons; 2) with an unlawful objective; 3) after a meeting of the minds; 4) committed at least one act in furtherance of the conspiracy; and 5) the plaintiff was thereby damaged. Oak Bluff Partners, Inc. v. Meyer, 3 S.W.3d 777, 780 (Mo. 1999).

Here, Plaintiff does not allege facts that could plausibly support a civil conspiracy claim against any of the Unknown FBI Agents. See Bell Atl. Corp. v. Twombly 127 S.Ct. at 1965 (facts in pleadings "must be enough to raise a right to relief above the speculative level."). There is absolutely no evidence that any of the Unknown FBI Agents had a "meeting of the minds" with each other or with any other defendant in this action in declining to pursue investigation of Plaintiff's complaints submitted to the FBI. Thus, Plaintiff fails to state a claim of civil conspiracy against any of the Unknown FBI Agents.

As it applies to federal employees accused of constitutional wrongdoing, qualified immunity is established where the official's conduct "does not violate clearly statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Technical Ordnance, Inc. v. United States, 244 F.3d 641, 646 (8th Cir. 2001) cert. denied 534 U.S. 1084 (2002). Further, qualified immunity should be determined "as early as possible because one of the purposes of qualified immunity is to protect public officials from disruptive 'broad-ranging discovery.'" Technical Ordnance, 244 F.3d at 646. "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). In order to overcome a defendant's qualified immunity, a plaintiff seeking damages for violation of constitutional rights must show that these rights were clearly established at the time of the conduct at issue. Hunter v. Bryant, 502 U.S. 224 (1991).

Here, Plaintiff has not set forth any plausible facts indicating that any of the Unknown FBI Agents were directly involved in or personally responsible for any alleged violations of his constitutional rights. Five (5) separate and distinct one-time communications, spanning nearly a decade, with five (5) different Unknown FBI Agents' who each declined to pursue an investigation of Plaintiff's ongoing Mafia scenario did not violate "clearly statutory or constitutional rights of which a reasonable person would have known," and therefore, they are entitled to qualified immunity.

At best, any alleged failure on the part of the Unknown FBI Agents would amount to mere negligence which is not a violation of Plaintiff's constitutional rights. See Falls v. Nesbitt, 966 F.2d 375, 377-378 (8th Cir. 1992) ("must show more than mere inadvertence or negligence"). Accordingly, Defendant Unknown FBI Agents are entitled to qualified immunity as there are no allegations that amount to a violation of Plaintiff's constitutional rights.

Finally, Plaintiff's claims against the Unknown FBI Agents should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as such claims are frivolous, malicious, fails to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. An action is frivolous, as in this case, if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

## II. Defendant Unknown FBI Agents, Sued in Their Official Capacity, Are Entitled to Sovereign Immunity

A suit against a government official acting in his or her official capacity is not just a suit against the official, but rather a suit against the federal government. Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998)("It is well settled that a Bivens action cannot be prosecuted against the United States and its agencies because of sovereign immunity."); see also Hill v. Anderson, 2008 WL 319898, *2 (D. Minn. Feb. 5 2008)("Other Eighth Circuit cases have held that, where a Bivens

claim is brought against federal employees in their official capacity, the real party is the United States and so sovereign immunity attaches."). While a plaintiff suing for money damages against an individual federal officer for violation of constitutionally protected rights has a potential cause of action directly under the Constitution, a "Bivens-type action cannot be prosecuted against the United States Government." Phelps v. U.S. Fed. Gov., 15 F.3d 735, 739 (8th Cir, 1994); see also Hill v. Anderson, 2008 WL 319898 (D. Minn. Feb. 5 2008) ("there is never a Bivens claim against a government employee in an official capacity … the only way the claim can proceed is against a government employee in an individual capacity.").

The United States has not waived its sovereign immunity from suit for money damages arising out of constitutional violations. Hartje v. F.T.C., 106 F.3d 1406 (8th Cir. 1997). An action against a federal employee in his official capacity does not provide a means of cutting through the sovereign immunity of the United States. American Ass'n of Commodity Traders v. Department of Treasury, 598 F.2d 1233, 1235-36 (1st Cir. 1979). The United States and employees sued in their official capacities have sovereign immunity from Bivens actions. Phelps v. United States Federal Gov't, 15 F.3d 735 (8th Cir. 1994).

Here, Plaintiff sued the Unknown FBI Agents in both their official and individual capacity as employees of the Federal Bureau of Investigations. Suits against government employees who are sued in their official capacity are considered suits against the United States. The United States cannot be liable for Constitutional violations since the United States has not waived sovereign immunity for actions arising out of Constitutional violations. Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims against all of the Unknown FBI Agents, acting in their official capacity, and this Court should dismiss such claims pursuant to Fed. R. Civ. P. 12(b)(1).

Further, to the extent that Plaintiff's Amended Complaint seeks to allege common law torts against the Unknown FBI Agents, such claims must also be dismissed. The Federal Tort Claims Act

("FTCA"), 28 U.S.C. §§ 2671-2680, precludes suits against individual federal employees for common law torts allegedly committed during the course and scope of their employment. 28 U.S.C. § 2679(b)(1). The only proper defendant for such actions is the United States. Wollman v. Gross, 637 F.2d 544, 547 (8th Cir. 1980). The FTCA is a statute which provides limited waiver of sovereign immunity as long as certain conditions set out by Congress have been met. F.D.I.C. v. Meyer, 510 U.S. 471, 475-76 (1994); United States v. Kubrick, 444 U.S. 111 (1979); Laswell v. Brown, 683 F.2d 261, 264 (8th Cir. 1982). "These conditions are construed narrowly and include the requirement that before filing an FTCA action the claimant 'present' an administrative claim requesting a sum certain in damages to the appropriate federal agency and that the claim be finally denied." Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993). See also 28 U.S.C. § 2675(a); Duncan v. Dep't of Labor, 313 F.3d 445, 447 (8th Cir. 2002). Any claims, however, against the United States based on the conduct of any of the Unknown FBI Agents must be dismissed for failure to exhaust his administrative remedies under the FTCA. See Bellecourt at 430; see also 28 U.S.C. § 2675(a). It is settled law that the presentation of an administrative claim complying with section 2675 of the FTCA regulations is a non-waivable jurisdictional requirement. See McNeil v. United States, 508 U.S. 106 (1993).

In order to withstand a motion to dismiss for lack of jurisdiction, a plaintiff must allege compliance with section 2675(a), where the suit under the FTCA is attempted. See Bellecourt, at 430 ("Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant"); In re: Agent Orange Product Liability Litigation, 818 F.2d 210, 214 (2d Cir. 1987). Plaintiff has not pled, nor can he, that he filed an administrative tort claim with the Federal Bureau of Investigation or the United States Department of Justice. As such, any and all common-law tort allegations asserted by Plaintiff against the Unknown FBI Agents in their official capacity must be dismissed.

## CONCLUSION

For the reasons stated herein, Defendants Unknown FBI Agents respectfully requests that all claims against them individually and/or in their official capacity be dismissed.

Respectfully submitted,

MICHAEL W. REAP
Acting United States Attorney

*s/ Nicholas P. Llewellyn*
NICHOLAS P. LLEWELLYN #52836
Assistant United States Attorney
Chief, Civil Division
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, MO 63102
(314) 539-7637
Fax: (314) 539-2777
Nicholas.llewellyn@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2009, the foregoing *Memorandum of Law in Support of Defendants Unknown FBI Agents' Motion to Dismiss* was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system and sent by certified U.S. Mail to:

Gregory McKenna
Plaintiff *Pro Se*
9937 Young Drive, H
Beverly Hills, CA 90212

*s/ Nicholas P. Llewellyn*
NICHOLAS P. LLEWELLYN
Assistant United States Attorney