# United States District Court
## EASTERN DISTRICT OF MISSOURI

GREGORY MCKENNA,

    Plaintiff

    Vs.

THE ST. LOUIS COUNTY POLICE DEPARTMENT, OFFICERS CHARLES BOSCHERT, KENNETH WILLIAMS, 8 UNKNOWN AGENTS OF THE FEDERAL BUREAU OF INVESTIGATION, MARK KAPPELHOFF, APPLE INC., A-1 PRIVATE INVESTIGATIONS, TIMOTHY BONINE, D'ANGELO AUTOMOTIVE,

    Defendants

Case No. 4:09cv1113CDP

**JURY DEMANDED**

### PLAINTIFF'S RESPONSE TO DEFENDANT KAPPELHOFF'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFUALT JUDGEMENT

#### I. Background

Pro se Plaintiff Gregory McKenna respectfully opposes Defendant Kappelhoff's Opposition to his Motion for Entry of Default Judgment. On October 30, 2009, Plaintiff filed a Motion for Entry of Default Judgment against Defendants A-1 Private Investigations and Mark Kappelhoff. On November 6, 2009, Defendant Kappelhoff by and through his counsel, Michael W. Reap and Nicholas P. Llewelyn, filed a response to Plaintiff's Motion for Entry of Default Judgment. The Defendant's objections stated that 1) Defendant Kappelhoff was not properly served, 2) Kappelhoff contacted Capitol Process Servers to timely effectuate service, and 3) the Government cannot have an entry of default entered against it for failure to comply with civil rules. Plaintiff hereby responds.

## II. Standard Of Review

Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the clerk of the court "enter . . . the default" of the party who has not answered the pleading or "otherwise defend[ed]" within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Three factors control whether a default judgment should be granted: (1) prejudice to plaintiff if default is denied; (2) whether defendant appears to have a litigable defense; and (3) whether defendant's [*5] delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $ 55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)); *see also GoldKist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) (finding that the three factors "apply only when the default judgment was authorized and the only question before the district court is whether to exercise its discretion to set aside the default"). Courts have held that default judgment against the government is justified when delays in pleading are extreme and unexpected, or when constitutional rights are being violated. *Ruiz v. Cady*, 660 F.2d 337 (7th Cir. 1981). This exception requires a demonstrated violation of due process or an indication that petitioner's constitutional rights are in fact being violated. *Id.* The moving party bears the initial burden to "show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the burden shifts to the nonmoving party to "show that there is a genuine issue for trial."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986).

### III. Argument: Defendant Kappelhoff's Opposition to Plaintiff's Motion for Default Judgment Should Be Ignored Since The Elements For Default Are Satisfied

#### A. Prejudice to Plaintiff if Default is Denied

Prejudice is established when a plaintiff's "ability to pursue the claim has been hindered . . . [by, for instance,] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. 1982). The courts have found that "prejudice is not merely the loss of an advantageous position, but must be something more closely tied to the merits of the issue." *See In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 127 (3d Cir. 1999). From the beginning, Plaintiff has alleged that Defendant Kappelhoff conspired to intentionally obstruct justice and perpetuate a stalking, extortion and torture conspiracy. (*See* Amended Complaint, ¶¶ 94-95). Plaintiff's letter to Kappelhoff included clear and convincing evidence of the Mafia using illegal communication devices to stalk, extort, and torture him, and proof of Agents of the FBI and police officers maliciously neglecting his complaints. *Id.* Kappelhoff proceeded to unlawfully and intentionally deny Plaintiff his Fourteenth Amendment rights to life, liberty, property, due process, enforcement of the laws, and other rights despite knowledge of officers of the St. Louis County Police (STLPD), Los Angeles Police (LAPD) and FBI criminally neglecting Plaintiff's constitutional rights. (*See* Exhibit 1, Kappelhoff's Letter). Concurrently, Kappelhoff intentionally neglected the existent Mafia conspiracy and colluded with the Defendants to maliciously deprive Plaintiff of his rights secured by the Constitution and laws.

On July 15, 2009, Plaintiff initiated this lawsuit against Kappelhoff for his malicious

neglect and abetting conspiracy. On September 9, 2009, Plaintiff hired Capitol Process Servers (Capitol) to serve Kappelhoff in his individual capacity. After several attempts to serve Kappelhoff, on September 21, 2009 Capitol finally spoke directly with Kappelhoff and informed him that a Complaint and Summons were issued against him (*See* Capitol's Affidavit of Due Diligence in Plaintiff's Motion for Entry of Default Judgment Against Defendants Mark Kappelhoff and A-1 Investigations, Exhibit 3). Despite knowledge of the Complaint and Summons and the constitutional rights violations continuing, Kappelhoff proceeded to willfully and knowingly ignore Capitol and intentionally allowed the constitutional rights violations to continue. Consequently, Plaintiff continued to experience damages in the form of Mafia stalking, death threats, sleep deprivation, torture from illegal communication devices, harassment at church, eavesdropping, bribery of witnesses, loss of his ability to contract, invasion of privacy, and other constitutional rights violations. The potential for collusion to allow the constitutional rights violations increased and did in fact increase as Plaintiff continued to experience the heinous crimes on a daily basis. (*See* Plaintiff's Emergency Motion For Preliminary Injunction and Motion To Proffer Evidence, Exhibits 1 through 12). The damages are irreparable and there is no remedy at law to provide relief.

Some courts have held that default judgment against the government is justified when delays in pleading are extreme and unexpected, or when delay can be construed to cause a violation of petitioner's [constitutional rights]. *Ruiz v. Cady*, 660 F.2d 337 (7th Cir. 1981). This exception requires a demonstrated violation of due process or an indication that petitioner is in fact having his constitutional rights violated. *Id.* Plaintiff has demonstrated that Kappelhoff caused a deprivation of Plaintiff's constitutional rights when he maliciously denied Plaintiff's

claim, the Mafia stalking, extortion, and torture continued, and Kappelhoff's subsequent rejection of Plaintiff's Complaint and Summons. In accord with Rule 405(b) of the Federal Rules of Evidence, the specific instances of Kappelhoff's dilatory conduct constitute proof of his malicious character toward constitutional rights violations suffered by Plaintiff. Accordingly, because Kappelhoff knew Plaintiff's constitutional rights were being violated during the default period and the probability of collusion increased to deprive Plaintiff of his rights and the laws, Plaintiff will be prejudiced if a default judgment is not granted.

B. Whether Defendant Appears to Have a Litigable Defense

Kappelhoff's counsel states in his Opposition to Plaintiff's Motion For Entry of Default that Plaintiff's Motion should be denied since "judgment cannot be entered against the government based solely on its failure to comply with civil rules." *Arevalo v. United States*, 2008 WL 3874795, *6 (E.D. Pa. August 20, 2008). However, default [judgments] have been granted in cases when the government disobeyed a direct court order. *See, e.g., Alameda v. Sec'y of Health, Educ., and Welfare*, 622 F.2d 1044 (1st Cir. 1980); *Int'l Assoc. of Machinists & Aerospace Workers v. Nat'l Mediation Bd.*, 314 F. Supp. 229 (D. D.C. 1969). Further, a default judgment may be entered against the United States, its officers, or its agencies if the claimant establishes a claim or right to relief by evidence that satisfies the court. Fed. R. Civ. P. 55(d). Finally, where service of the Complaint and Summons was waived for Kappelhoff's actions performed in his official capacity, Plaintiff filed a Motion for Entry of Default Judgment against Kappelhoff for actions in his individual capacity. Plaintiff brought this action against Kappelhoff seeking relief under 42 USC 1983, 1985, 1986 and others. (See Amended Complaint, ¶¶ 96-101). "The general doctrine of *respondeat superior* does not suffice and a showing of some personal

responsibility is required [to establish personal liability in a section 1983 action]" (quoted in *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989). Therefore, because the Motion for Default Judgment against Kappelhoff was filed for actions he performed in his individual capacity, a default judgment may be granted.

In addition to Kappelhoff not being entitled to the same standards as government officials, Kappelhoff does not appear to have a litigable defense to his claim since his involvement in the wrongs committed against Plaintiff are blatant. In *Williams v. Smith*, 781 F.2d 319 (2d Cir. 1986), the Second Circuit indicated four ways in which a defendant may be personally involved in a section 1983 violation: (1) "the defendant may have directly participated in the infraction;" (2) "[a] supervisory official, after learning of the violation through a report or appeal, may have failed to remedy the wrong;" (3) "[a] supervisory official may be liable because he or she created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue;" (4) "a supervisory official may be personally liable if he or she was grossly negligent in managing subordinates who caused the unlawful condition or event." 781 F.2d at 323-24. Indeed, a supervisory official may be personally liable if he or she has 'actual or constructive notice of unconstitutional practices and demonstrates gross negligence or deliberate indifference by failing to act.'" *Al-Jundi*, 885 F.2d at 1066 (quoting *Meriwether v. Coughlin*, 879 F.2d 1037, 1048 (2d Cir. 1989)). Concurrently, since Kappelhoff had actual or constructive notice of unconstitutional practices and refused to remedy the wrong, there appears to be no litigable defense to Plaintiff's claim.

### C. Whether Defendant's Delay is Due to Culpable Conduct

"[C]ulpable conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983) (citing *Feliciano*, 691 F.2d at 657). The courts explain that:

> Appropriate application of the culpable conduct standard requires that as a threshold matter more than mere negligence be demonstrated. Certainly "willfulness" and "bad faith" include acts intentionally designed to avoid compliance with court notices. The case law, however, is bereft of precedent limiting the availability of default judgment to this narrow band of "knowing" disregard for court-mandated procedures. Reckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard.

*Hritz*, 732 F.2d at 1183.

The following list of events demonstrates Kappelhoff's culpable conduct and failure to investigate Plaintiff's source of serious injury:

1) On March 7, 2009, Plaintiff filed a complaint with Kappelhoff for the Mafia stalking, extortion, and torture caused by law enforcement neglect. (*See* Amended Comp. ¶¶ 92-95). On April 30, 2009, Kappelhoff proceeded to maliciously ignore Plaintiff's complaints and perpetuate the Mafia conspiracy and constitutional rights violations. *Id.*

2) Plaintiff filed this lawsuit on July 15, 2009 and Kappelhoff received actual notice of the Complaint and Summons on September 21, 2009. Despite knowledge of the constitutional rights violations from Plaintiff's former complaints, actual notice of the Court's Order to respond in less than 20 days and Capitol's 4 attempts to contact him, Kappelhoff proceeded to willfully and knowingly reject the Complaint and Summons by ignoring the process server. (*See* Capitol's Affidavit of Due Diligence in Plaintiff's Motion for Entry of Default Judgment Against Defendants Mark Kappelhoff and A-1 Investigations, Exhibit 3).

3) On October 8, 2009, Plaintiff proceeded to inform Kappelhoff in a letter that a default entry would be filed against him. (See Plaintiff's Motion for Entry of Default Judgment, Exhibit 4). Nevertheless, Kappelhoff proceeded to ignore Plaintiff's warning.

4) After Kappelhoff intentionally ignored process of service, Capitol returned the Complaint and Summons to Plaintiff on October 19, 2009. Kappelhoff allegedly contacted Capitol to inquire about service on or around October 21. Nevertheless, Kappelhoff refused to contact Plaintiff to arrange service.

5) On October 30, 2009, Plaintiff filed a Motion for Entry of Default Judgment against Kappelhoff for his dilatory conduct and continuing damages as the Mafia stalking, extortion, torture, and neglect of law enforcement officials continued.

6) On November 20, 2009, after 60 days elapsed from the date Plaintiff attempted to serve Kappelhoff and severe damages were incurred, Plaintiff was finally contacted via email by Kappelhoff's attorney, Nicholas Llewellyn. Mr. Llewellyn proceeded to inform Plaintiff that Kappelhoff intended to accept service despite the Motion for Entry of Default already filed against him. Effectively, Kappelhoff delayed proceedings for 60 days as Plaintiff experienced Mafia stalking, extortion, torture, and constitutional rights violations.

In lieu of the aforesaid events, the Court should note that Kappelhoff is characterized as a sophisticated litigant. With this context and the docket evidence in mind, there should be no dispute that Defendant Kappelhoff was aware of the default judgment and chose to ignore his obligations to the Court, as demonstrated by his failure to respond to the Summons and his failure to contact Plaintiff. Concurrently, the Court should find that Defendant Kappelhoff's

failure to defend rises to the level of reckless disregard and was not merely negligent.

WHEREFORE, having met all 3 factors to obtain a default judgment ruling, Plaintiff requests that this Honorable Court grant his Motion for Entry of Default Judgment and any other relief the Court deems just and proper.

Date: December 18, 2009.

Respectfully Submitted,

Gregory McKenna
Pro Se Plaintiff
9937 Young Drive, H
Beverly Hills, CA 90212
(310) 213-8851

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2009, the foregoing Response to Defendant Kappelhoff's Opposition to Plaintiff's Motion for Entry of Default Judgment was sent via US Mail to:

1) Defendants the STLPD, Boschert, and Williams represented by the St. Louis County Counselor's Office, Robert Moore, 41 S.Central Avenue, St. Louis, Missouri 63105.
2) Defendant the FBI represented by US Attorney's Office, 111 South 10th Street, #20.333, St. Louis, Missouri 63102.
3) Defendant Apple, Inc. represented by Thompson Coburn LLP, Kathy A. Wisniewski & John W. Rogers, One Bank Plaza, St. Louis, MO 63101.
4) Defendant D'Angelo Automotive represented by Childress Ahlheim Cary, Thomas Lewis, 1010 Market Street, Suite 500, St. Louis, MO 63101.

Gregory McKeams
9439 Young Dr., H
LA, CA 90212

US District Court
Attn: Court Clerk
111 South 10th St., # 3.300
St. Louis, MO 63102

RECEIVED
BY MAIL
DEC 22 2009
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

