UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY MCKENNA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1113 CDP |
| | ) | |
| ST. LOUIS COUNTY | ) | |
| POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Gregory McKenna has filed this complaint, asserting that defendants and others violated his Constitutional rights by conspiring among themselves to allow members of the Mafia to stalk, torture, and extort him for several years. Since filing the complaint, McKenna has filed a number of motions, including motions to stay the proceedings, for a preliminary injunction, to amend his complaint, and for default judgment. At the same time, several defendants have also filed motions to dismiss McKenna's original and proposed amended complaints. I agree that dismissal of this case is appropriate, for the following reasons.

## Background

In his 124-page, *pro se* complaint, McKenna contends that members of the Italian Mafia began stalking, torturing, and extorting him in 2000 in an effort to coerce him into becoming a fashion model. McKenna contends that all defendants in this case conspired among themselves to enable the Mafia in its efforts. To begin with, McKenna asserts that he first contacted the St. Louis County Police Department, seeking their assistance and protection from the Mafia, but the St. Louis police allegedly refused to investigate or arrest the Mafia. According to McKenna, this was because the St. Louis County Police Department was involved in the greater conspiracy to help the Mafia stalk, torture, and extort him. Additionally, McKenna sought the assistance of the Federal Bureau of Investigation, but its agents allegedly refused to investigate the matter as well. Like the St. Louis police, the FBI allegedly refused to investigate because it was part of the conspiracy as well.

For several years, McKenna contends, the Mafia continued to stalk and torture him, but neither the St. Louis county police nor FBI agents came to McKenna's aid, despite his entreaties. Dissatisfied with the agencies' refusal to investigate his claims, McKenna filed complaints with the agencies. Specifically, he contends that he contacted St. Louis police officers Charles Boschert and Kenneth Williams, who both refused to investigate the matter. McKenna also

asserts that he contacted United States Department of Justice "Section Chief" Mark Kapplehoff,[1] who also refused to investigate.

Around the same time, McKenna began to believe that the Mafia was observing him through communication devices planted in his residence, vehicle, and other property, so he hired Timothy Bonine of A-1 Private Investigations to search his residence and vehicle. According to McKenna, Bonine found evidence of the communication devices, but Bonine reported to the St. Louis County Police Department that he found no such evidence. Still concerned about the Mafia's alleged communication devices, McKenna hired D'Angelo Automotive to inspect his vehicle. McKenna contends that D'Angelo's employees actually found the communication devices, but lied to him, stating that they did not find any such devices, but instead discovered that McKenna's vehicle had a loose wheel bearing. McKenna also believes that D'Angelo's mechanics placed a communication device into his vehicle while they were inspecting it. Finally, McKenna contends that Apple, Inc. wrongfully inserted communication devices into the Apple products he purchased so that the Mafia could both observe him and communicate with him.

---

[1] Mark Kappelhoff is the Acting Principal Deputy Assistant Attorney General in the United States Department of Justice's Civil Rights Division.

Concluding that all the defendants were conspiring among themselves to enable the Mafia to stalk and torture him, McKenna filed the present complaint against the St. Louis County Police Department; St. Louis county police officers Boschert and Williams; unknown FBI agents; Acting Principal Deputy Assistant Attorney General Mark Kappelhoff; A-1 Private Investigations; Timothy Bonine; D'Angelo Automotive; and Apple, Inc. He seeks compensatory, statutory, and punitive damages; a preliminary injunction; full restitution; and costs and attorney's fees under 42 U.S.C. § 1983 for violations of his First and Fourteenth Amendment rights. McKenna also brings claims under other federal statutes, including two criminal statues, and under Missouri law. Since filing his complaint, McKenna has filed several motions, including a motion for a temporary restraining order, which I denied. Additionally, he has filed motions to stay the proceedings, for a preliminary injunction, to amend his complaint, and for an order of default against several defendants. Meanwhile, in response to McKenna's original and amended complaints, several defendants have filed motions to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under 12(b)(6).

## Discussion

The gravamen of McKenna's complaint is that the defendants conspired among themselves to enable the Mafia to stalk, torture, and extort him in violation

of his Constitutional rights. As a result, he alleges violations of his Constitutional rights under 42 U.S.C. §§ 1983, 1985, 1986, and 1988. He also brings claims under two federal criminal statutes, 18 U.S.C. §§ 2520 and 3771, and asserts violations of Missouri law. A review of McKenna's complaint reveals, however, that several of these statutes either do not apply to this case, or do not provide McKenna a cause of action. Moreover, some of McKenna's claims are time-barred. Accordingly, I will dismiss these claims. Additionally, I decline to exercise supplemental jurisdiction over McKenna's state-law claims, and I will dismiss those claims without prejudice.

To begin with, McKenna's claims under 42 U.S.C. § 1985 must be dismissed because he does not allege that he is a member of a protected class. Although McKenna does not specify under which subsection of 1985 he brings this claim, section 1985(3) is the only section that is relevant to the facts alleged in McKenna's complaint.[2] To state a claim under section 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination, and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 834-39 (1983); *Griffin v. Breck*, 403 U.S. 88, 102

---

[2] 42 U.S.C. § 1985(1) provides remedies against anyone who conspires to prevent an officer of the United states from performing her duties, and section 1985(2) provides remedies against anyone who conspires to obstruct justice by intimidating a party, witness, or juror.

(1971) (plaintiff must allege these two elements to state a section 1985(3) claim). Nothing in McKenna's complaint indicates that defendants were motivated by purposeful discrimination, or that McKenna is a member of a protected class. As such, McKenna fails to state a claim under section 1985(3). *See United Bhd.*, 403 U.S. at 102. Because a section 1986 action is dependent upon the existence of a section 1985 claim, plaintiff's section 1985 claim will also be dismissed. *See McIntosh v. Ark. Republican Party-Frank White Election Comm.*, 766 F.2d 337, 340 (8th Cir. 1985).

McKenna's claims under 42 U.S.C. § 1988 must also be dismissed because that section does not provide plaintiffs a separate cause of action. *See* 42 U.S.C. § 1988 (providing for the imposition of state law in areas not addressed by federal civil rights laws, and for the recovery of attorney's fees and costs in certain successful civil rights actions). His claims under 18 U.S.C. § 3771 fail as well because McKenna, as a private citizen, has no authority to institute a federal criminal prosecution under that statue. *See, e.g.*, *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1971); *Brown v. Cooke*, No. 06-cv-01092-SK-CBS, 2009 WL 641301, at *20-21 (D. Colo. Mar. 9, 2009) (dismissing plaintiff's claim under 18 U.S.C. § 3771 because criminal statutes cannot be enforced by civil action). Finally, McKenna's claims under 18 U.S.C. §

2520[3] are barred by that section's statute of limitations, because he did not bring those claims within two years of allegedly discovering the illegal communication devices.[4] *See* 18 U.S.C. § 2520(e) ("A civil action under [section 2520] may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation."); *Andes v. Knox*, 905 F.2d 188, 189 (8th Cir. 1990) ("Under section 2520(e), the cause of action accrues when the claimant has a reasonable opportunity to discover the violation . . . ").

### Section 1983 Claims

Several defendants move to dismiss McKenna's section 1983 claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). The court must assume all factual allegation of the complaint are true and must construe those allegations in favor of the plaintiff. *Id.* at 326. "The motion will succeed or fail based upon the allegations contained in the face of the complaint." *McAuley v. Federal Ins. Co.*, 500 F.3d 784, 787 (8th Cir. 2007) (internal citations and quotation marks omitted). However, the factual allegations

---

[3] 18 U.S.C. § 2520 provides civil damages to a person whose wire, oral, or electronic communication is intercepted illegally.

[4] McKenna asserts that he first discovered the alleged illegal communications in 2001, but he filed this complaint in 2009.

in the complaint must be more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

Section 1983 provides a claim for relief "for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage of any State or Territory . . . .'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (quoting 42 U.S.C. § 1983). More specifically, to state a claim under section 1983, the plaintiff must allege that the defendant, while acting under color of state law, deprived plaintiff of a right secured by the United States Constitution or a federal law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Because McKenna asserts claims against state and federal agencies and actors, as well as private individuals, I will consider each group of defendants to determine whether McKenna states a claim against them under 42 U.S.C. § 1983.

**1. St. Louis County Police Department**

McKenna asserts that the St. Louis County Police Department violated his Constitutional rights because it failed to investigate or arrest the Mafia for allegedly stalking, torturing, and extorting him. However, the St. Louis County Police Department is not a suable entity, so I must dismiss it. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992).

## 2. St. Louis County Police Officers

McKenna next asserts that St. Louis County police officers Boschert and Williams violated his Constitutional rights by failing to investigate the Mafia, as part of a conspiracy to enable the Mafia's efforts. However, it is well settled that a police officer does not violate an individual's constitutional rights by failing to investigate or prevent private violence, because "nothing in the language of the Due Process Clause requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195 (1989); *see also id.* at 197 ("As a general matter, . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."); *accord Dorothy J. v. Little Rock School. Dist.*, 7 F.3d 729, 731-32 (8th Cir. 1993) (affirming dismissal of plaintiff's complaint under 12(b)(6) because a state actors's failure to investigate or prevent private violence does not give rise to a cognizable claim under 42 U.S.C. § 1983).

In this case, even if McKenna could ultimately prove that these defendants failed to protect him from the Mafia, their failure would not give rise to a Constitutional violation. *See DeShaney*, 489 U.S. at 197. Moreover, McKenna alleges no facts suggesting that defendants "affirmatively created" his peril or "acted to render [plaintiff] more vulnerable to danger," which would give rise to a

cognizable section 1983 claim. *See Carlton v. Cleburne County, Ark.*, 93 F.3d 505, 508 (8th Cir. 1996). Moreover, his conclusory assertions that defendants somehow conspired among themselves to enable the Mafia is insufficient to state a claim against these defendants. *See White v. Walsh*, 649 F.2d 560, 561 (8th Cir. 1981) (facts alleged with respect to a conspiracy among several public and private defendants must be specific); *see also Twombly*, 127 S. Ct. at 1965 (allegations in pleadings "must be enough to raise a right to relief above the speculative level"). Defendant's alleged failure to investigate or arrest the Mafia simply does not amount to a constitutional violation, so McKenna fails to state a cognizable section 1983 claim. *See Dorothy J.*, 7 F.3d at 731-32. Accordingly, I must dismiss McKenna's claims against Charles Boschert and Kenneth Williams. *See DeShaney*, 489 U.S. at 197; *Dorothy J.*, 7 F.3d at 731-32.

### 3. Unknown FBI Agents and Assistant Attorney General Kappelhoff

Similarly, McKenna asserts section 1983 claims against unknown agents of the Federal Bureau of Investigation and Assistant Attorney General Kappelhoff, because they allegedly failed to investigate the Mafia. These defendants have moved to dismiss McKenna's complaint.[5]

---

[5]Defendants unknown agents of the FBI and Assistant Attorney General Kappelhoff have filed motions to dismiss plaintiff's amended complaint. To the extent that I will deny plaintiff's motion to file an amended complaint, *see infra*, I will construe these as motions to dismiss McKenna's original complaint.

Section 1983 claims are unavailable against federal defendants because of section 1983's state action requirement. *See* 42 U.S.C. § 1983; *Schutterle v. United States*, 74 F.3d 846, 848 (8th Cir. 1996). But an action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics* is available against federal officers. 403 U.S. 388 (1971). In determining whether a federal officer's actions violate a plaintiff's Constitutional rights under *Bivens* and its progeny, the same analysis applies as in section 1983 cases. *See Duffy v. Wolle*, 123 F.3d 1026, 1037 (8th Cir. 1997) ("[A]n action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials); *Sellers ex rel. Sellers v. Baer*, 28 F.3d 895, 898-99, 902-03 (8th Cir. 1994) (using the same analysis to conclude that federal and state officials' conduct was "not actionable under *Bivens* or § 1983").

As with section 1983 complaints, a plaintiff does not state a cognizable claim under *Bivens* when he alleges only that federal defendants failed to investigate or protect him from private violence. *See Sellers*, 28 F.3d at 898. Here, McKenna fails to state a *Bivens* claim against the unknown agents of the FBI or Assistant Attorney General Kappelhoff, because he alleges only that they failed to investigate his complaints that the Mafia was stalking him. *See id.* As with the St. Louis police defendants, McKenna's conclusory assertion that these defendants were part of a greater conspiracy is also insufficient. *See Twombly*, 127 S. Ct. at

1965; *White*, 649 F.2d at 561. Morever, these defendants have asserted – and are entitled to – qualified immunity in their individual capacities, because the facts as alleged in McKenna's complaint do not state a claim of violation of clearly established law. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Finally, to the extent that McKenna brings claims against defendants in their official capacities, these defendants are entitled to sovereign immunity. *See Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir.1998). Specifically, a suit against a federal officer in his official capacity is treated as a suit against the United States and its agencies, *see id.*, and a "*Bivens*-type action cannot be prosecuted against the United States government." *Phelps v. United States Fed. Gov't*, 15 F.3d 735, 739 (8th Cir. 1994) (internal citations and quotation marks omitted). Accordingly, I must dismiss McKenna's claims against the unknown agents of the FBI and Assistant Attorney General Kappelhoff.

### 4. Private Defendants

McKenna claims that defendants Apple, Inc., D'Angelo Automotive, A-1 Private Investigations, and Timothy Bonine violated his Constitutional rights by conspiring to aid the Mafia to stalk, torture, and extort him. Defendants Apple, Inc. and D'Angelo Automotive have moved to dismiss McKenna's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Because I conclude that McKenna has failed to state a claim against these two defendants, I will dismiss

McKenna's section 1983 claims against them. Defendants A-1 Private Investigations and Timothy Bonine, in contrast, have not filed motions to dismiss, and the record reveals that McKenna was unsuccessful in his attempts to serve them. I must also dismiss these defendants, however, because McKenna's claims against them are so patently meritless that there exists no subject matter jurisdiction over them. *See* Fed. R. Civ. P. 12(h)(3); *see also Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (district courts "are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit") (internal citations and quotation marks omitted); *see also Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005) ("If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate.").

Specifically, it is well settled that only state actors – not private individuals – are liable under section 1983. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001); *see also American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" (citations omitted)). Accordingly, to state a cognizable section 1983 claim against these defendants, McKenna must allege facts showing that these private

defendants' conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In particular, McKenna must allege (1) that the deprivation complained of was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and (2) that these private defendants are fairly said to be state actors. *Id.*

McKenna does not allege any facts that would satisfy the requirement that these defendants can be fairly said to be state actors. Specifically, to state a claim that private individuals are fairly said to be state actors, a plaintiff must allege facts showing a "joint action or conspiracy with state authorities." *Skurtu v. Mukasey*, 552 F.3d 648, 651 (8th Cir. 2008). A conspiracy is adequately alleged if there are facts in the complaint showing that private and public parties acted with a common understanding, suggesting a "meeting of the minds." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970); *accord Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997). The facts alleged with respect to a conspiracy must be specific. *White*, 649 F.2d at 561; *see also McClain v. Kitchen*, 659 F.2d 870, 872 (8th Cir. 1981) (affirming dismissal of plaintiff's Section 1983 complaint against private party when plaintiff's "complaint alleged absolutely no facts to support his claim" that private party conspired with state actors).

Finally, a plaintiff does not adequately allege a conspiracy among private individuals and state actors if plaintiff alleges only that the private individual invoked state legal procedures or communicated with state officials. *Lugar*, 457 U.S. at 939 n.21(citation omitted); *see also Miller*, 122 F.3d at 1098 (rejecting argument that private party conspired with state officials for Section 1983 state-actor purposes when private party "did no more than provide information to a government agency.").

In his complaint, McKenna states that all defendants "conspired and agreed with each other" to enable the Mafia to harass him. However, this conclusory statement is insufficient to state a claim against the private defendants, *see McClain*, 659 F.2d at 872, and McKenna does not make any more specific, factual allegations suggesting that these private defendants acted as state actors or conspired among themselves. Accordingly, he fails to state a section 1983 claim against these defendants. *See Skurtu*, 552 F.3d at 651. In his most specific allegation, McKenna asserts that Bonine conspired with the St. Louis County Police Department, because Bonine reported to the police that McKenna's residence and vehicle "were not bugged with illegal communication devices." But even if McKenna could ultimately prove that the truth of these allegations, well-established precedent forecloses Bonine's liability as a state actor on the basis of these facts alone. *See Miller*, 122 F.3d at 1098 ("To impose § 1983 liability on a

private actor for merely answering a law enforcement official's questions regarding a case would have obvious and unfortunate consequences and has no support in precedent or common sense."). Accordingly, McKenna fails to state a claim against Apple, Inc. and D'Angelo Automotive, so I must grant their motions to dismiss. Additionally, I conclude that McKenna's claims against Bonine and A-1 Private Investigations are so patently meritless and foreclosed by clear precedent that there exists no subject matter jurisdiction, so I will dismiss these defendants as well. *See Hagens*, 415 U.S. at 536-37; *Biscanin*, 407 F.3d at 907.

### Remaining Claims

Without addressing the adequacy of McKenna's state-law claims, I decline to exercise jurisdiction over them. Generally, district courts only have jurisdiction to adjudicate claims based on either federal subject-matter jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331 & 1332. However, a "federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one place." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988); *see also* 28 U.S.C. § 1367. Upon a determination that the allegations in plaintiff's complaint fail to state a cause of action under federal law, a district court has discretion to dismiss without prejudice plaintiff's attendant state-law

claims. *See Miner v. Local 373*, 513 F.3d 854, 866 (8th Cir. 2008). In this case, I conclude that, in my discretion, I will dismiss McKenna's state-law claims without prejudice.

McKenna has also moved to amend his complaint. Although leave to amend should be freely granted, amendment may be denied when futile. *See Hammer v. City of Osage Beach, Mo.*, 318 F.3d 832, 844 (8th Cir. 2003). I will deny McKenna's proposed amended complaint as futile because it does not correct the deficiencies of the first complaint. Specifically, McKenna raises the same claims in each complaint based on the same set of circumstances, and he does not allege any additional facts supporting his allegation that all defendants conspired among themselves to enable the Mafia. All other pending motions will be denied as moot because this case is dismissed. A separate Judgment in accordance with this Memorandum and Order is entered this same date.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [#8, #11, #29, #42, #50] are granted, and Counts I-VI of plaintiff's complaint as against these defendants are dismissed, with prejudice. Counts VII-XVI are dismissed as against these defendants without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's complaint as against defendants A-1 Private Investigations and Timothy Bonine is dismissed under 12(h)(3) for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to amend his complaint [#38] is denied.

**IT IS FURTHER ORDERED** that all remaining pending motions are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of January, 2010.