RECEIVED BY MAIL
JAN X 4 2010
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

# United States District Court
## EASTERN DISTRICT OF MISSOURI

GREGORY MCKENNA,

    Plaintiff

Vs.

THE ST. LOUIS COUNTY POLICE DEPARTMENT, OFFICERS CHARLES BOSCHERT, KENNETH WILLIAMS, 8 UNKNOWN AGENTS OF THE FEDERAL BUREAU OF INVESTIGATION, MARK KAPPELHOFF, APPLE INC., A-1 PRIVATE INVESTIGATIONS, TIMOTHY BONINE, D'ANGELO AUTOMOTIVE,

    Defendants

Case No. 4:09cv1113CDP

**JURY DEMANDED**

---

## PLAINTIFF'S REQUEST FOR AN ORDER IN RESPONSE TO HIS EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

Pro se Plaintiff Gregory McKenna respectfully requests that this Honorable Court issue an Order in support of his Emergency Motion for Preliminary Injunction. On October 24, 2009, Plaintiff submitted an Emergency Motion for Preliminary Injunction to prevent constitutional and statutory violations committed by officers of the St. Louis County Police (STLPD) and FBI. Plaintiff's Motion alleged that he is a current victim of Mafia stalking, extortion, and torture and that Defendants the STLPD (i.e., the County of St. Louis), Charles Boschert, Unknown FBI Agents, and others are maliciously denying his rights to liberty, privacy, protection of the laws, due process, the US Communications Act, and others. Because the Defendants refuse to protect Plaintiff from the Mafia crimes, Plaintiff will continue to experience irreparable damages until his rights are protected and an injunctive order is granted.

In lieu of law enforcement's malicious neglect and Plaintiff's need for an injunction, 28 U.S.C. ß 1361 provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Cheney v. United States Dist. Court*, 542 U.S. 367, 159 L. Ed. 2d 459, 124 S. Ct. 2576, 2584 (2004). Additionally, the 14th Amendment states: "No State... shall deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws." (*See* U.S.C.A.14, Sect.1). Concurrent with the 14th Amendment, [law enforcement] officers have an affirmative duty to enforce the laws, and are lawfully obligated to prevent fellow officers from violating a citizen's constitutional rights. Where he fails to do so, the observing officer is jointly liable to the victim. Gagnon v. Ball, 696 F.2d 17 (2nd Cir.1982); Ware v. Reed, 709 F.2d 345, 353 (5th Cir.1983); Archie v. Racine, 826 F.2d 480 (7th Cir.1987); Bruner v. Dunaway, 684 F.2d 422, 426 (6th Cir.1982); *cert. denied* 459 U.S. 1171, 103 S. Ct. 816, 74 L. Ed. 2d 1014 (1983). Furthermore, when Police officers violate "clearly established statutory or constitutional rights" of which a "reasonable person" would have known they are subject to liability for civil damages. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Accordingly, since the Defendant law enforcement officials are willfully and knowingly denying Plaintiff's rights by refusing to enforce the laws, an injunction is mandatory to maintain the status quo.

In actions for statutory injunctions, a moving party need only show that probable cause exists to believe that a statute in question is being violated and that there is some reasonable likelihood of future violation; no specific or immediate showing of precise way in which violations of law will result in public harm is required. *U.S. v. Richlyn Laboratories, Inc.*, 827 F.Supp. 1145

2

(E.D.Pa. 1992). Further, in actions for statutory injunction, once a violation has been demonstrated, moving party need only show that there is reasonable likelihood of future violations in order to obtain relief. *U.S. v. Franchi*, 756 F.Supp. 889 (W.D.Pa. 1991). Concurrently, Plaintiff's Emergency Motion for Preliminary Injunction included probable cause of violations of the US Communications Act (18 USC 2520 (a) and (b)(1)). Particularly, Plaintiff's evidence included recordings of Mafia members eavesdropping on Plaintiff to transmit death threats to an illegally bugged iPod Touch (*See* Plaintiff's Motion to Proffer Evidence in Support of His Motion for Preliminary Injunction, Exhibits 5, 6, and 7), a video recording of a phone tap test performed at his St. Louis residence that yielded positive results indicating the presence of illegal communication devices used for the criminal stalking, exaction and torture (*Id.*, Exhibit 2), the bug detector's instruction manual (*Id.*, Exhibit 3), a professional bug sweep report by a private investigator that confirmed the existence of illegal communication devices currently being used by the St. Louis Mafia at Plaintiff's residence in Los Angeles (*Id.* Exhibit 4), a complaint sent to the STLPD that proves the Police maliciously neglected Plaintiff's rights (*Id.*, Exhibit 11), and other evidence. Taken together, the evidence demonstrates continuing violations of the US Communications Act, and therefore, an injunction is warranted.

WHEREFORE, in lieu of the continuing constitutional and statutory rights violations and the stalking, death threats and torture that continue, Plaintiff Gregory McKenna respectfully requests that this Court issue an Order in support of his Emergency Motion for Preliminary Injunction. Plaintiff also requests all other relief that this Court deems just and appropriate.

Date: December 31, 2009

Respectfully Submitted,

*[signature]*

Gregory McKenna, pro se Plaintiff

9937 Young Drive, H

Beverly Hills, CA 90212

(310) 213-8851

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this __31__ day of December, 2009, a true and accurate copy of Plaintiff's Emergency Motion for Preliminary Injunction will be forwarded to the Defendants, via first-class mail, postage prepaid, to:

1) Defendants the St. Louis County Police Department, Officers Charles Boschert, & Kenneth Williams, 7900 Forsyth Boulevard, Clayton, Missouri 63105;

2) Defendant Unknown FBI Agents and Mark Kappelhoff, US Attorney's Office, 111 South 10th Street, #20.333, St. Louis, MO 63102;

3) Defendant Apple Inc. represented by Thompson Coburn LLP, Kathy A. Wisniewski & John W. Rogers, One Bank Plaza, St. Louis, MO 63101;

4) Defendant D'Angelo Automotive represented by Childress Ahlheim Cary, Thomas Lewis, 1010 Market Street, Suite 500, St. Louis, MO 63101.