

RECEIVED BY MAIL
JAN X 4 2010
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

# United States District Court
# EASTERN DISTRICT OF MISSOURI

GREGORY MCKENNA,

    Plaintiff

    Vs.

THE ST. LOUIS COUNTY POLICE DEPARTMENT,     Case No. 4:09cv1113CDP
OFFICERS CHARLES BOSCHERT, KENNETH
WILLIAMS, 8 UNKNOWN AGENTS OF THE
FEDERAL BUREAU OF INVESTIGATION,     **JURY DEMANDED**
MARK KAPPELHOFF, APPLE INC., A-1
PRIVATE INVESTIGATIONS, TIMOTHY
BONINE, D'ANGELO AUTOMOTIVE,

    Defendants

---

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S REQUEST FOR AN ORDER IN SUPPORT OF HIS EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

COMES NOW, pro se Plaintiff Gregory McKenna, and for his Memorandum In Support Of His Request For An Order In Support Of His Emergency Motion For Preliminary Injunction, Plaintiff states the following:

(1) On or around October 24, 2009, Plaintiff filed an Emergency Motion for Preliminary Injunction against Defendants the St. Louis County Police Department (i.e., the County of St. Louis), Charles Boschert, Kenneth Williams, Unknown FBI Agents, and others for continuing constitutional and statutory rights violations of the 14th Amendment, the US Communications Act, and others. The Defendant law enforcement officials have maliciously refused to investigate and protect Plaintiff from a Mafia stalking, extortion, and torture

conspiracy despite knowledge of crimes involving the Mafia's use of illegal communication devices originating from St. Louis.

(2) On or around October 29, 2009, Plaintiff also submitted a Motion To Proffer Evidence In Support Of His Emergency Motion For Preliminary Injunction. The Motion included clear and convincing evidence of constitutional and statutory rights violations that proved the existence of irreparable injuries and violations of the US Communications Act. In actions for statutory injunctions, a moving party need only show that probable cause exists to believe that a statute in question is being violated and that there is some reasonable likelihood of future violation; no specific or immediate showing of precise way in which violations of law will result in public harm is required. *U.S. v. Richlyn Laboratories, Inc.*, 827 F.Supp. 1145 (E.D.Pa. 1992). Accordingly, an injunction is warranted to maintain the status quo.

(3) Plaintiff has not received a response from the Court for his Emergency Motion but remains a victim of stalking, extortion and torture by the Mafia. The irreparable damages are continuing as law enforcement officers continue to maliciously neglect Plaintiff's rights despite knowledge of the crimes.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant an Order in support of his Emergency Motion for Preliminary Injunction to end the crimes and rights violations committed against Plaintiff.

Date: December 31, 2009

Respectfully Submitted,

Gregory McKenna, Pro Se Plaintiff
9937 Young Drive, H
Beverly Hills, CA 90212
(310) 213-8851