UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREGORY MCKENNA,       )
                        )
      Plaintiff,        )
                        )
      vs.                )      Case No. 4:09CV1113 CDP
                        )
ST. LOUIS COUNTY      )
POLICE DEPARTMENT, et al.,   )
                        )
      Defendants.      )

## MEMORANDUM AND ORDER

On January 4, 2010, I dismissed plaintiffs' federal-law claims for failure to

state a claim under Fed. R. Civ. P. 12(b)(6) and for lack of subject-matter

jurisdiction under 12(b)(1). I also dismissed his remaining state-law claims

without prejudice. Plaintiff now moves to disqualify me, contending that my

adverse rulings reveal my bias against him. Although this case is closed, I will

consider the merits of this motion.

A judge should recuse herself if her "impartiality might reasonably be

questioned." 28 U.S.C. § 455. Recusal is required when an average person

knowing all the relevant facts of a case might reasonably question a judge's

impartiality. *Dossett v. First State Bank*, 399 F.3d 940, 952-53 (8th Cir. 2005);

*Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (en banc). "Adverse judicial

rulings, however, 'almost never' constitute a valid basis for recusal; the proper

recourse for a dissatisfied litigant is appeal." *Dossett*, 399 F.3d at 953 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Because plaintiff's only support for my recusal is my adverse ruling, his motion must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to disqualify [#60] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2010.