UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY MCKENNA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1113 CDP |
| | ) | |
| ST. LOUIS COUNTY | ) | |
| POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

Plaintiff initially filed this case against numerous defendants, claiming they violated his constitutional rights by enabling Mafia members to stalk, torture, and extort him. Several defendants moved to dismiss the complaint, and I granted their motions and entered judgment in this case on January 4, 2010, dismissing plaintiff's federal-law claims with prejudice and his state-law claims without prejudice. On March 19, 2010, plaintiff moved to disqualify me, but I denied that motion because plaintiff's only support for his claim of bias was my adverse ruling. *See Dossett v. First State Bank*, 399 F.3d 940, 952-53 (8th Cir. 2005). Plaintiff then filed a motion for an amended judgment under Fed. R. Civ. P. 59 on April 19, 2010. I denied that motion because it was filed well beyond the 28-day deadline established in Rule 59(e).

Plaintiff now moves for an extension to file his notice of appeal under Fed. R. App. P. 4(a)(5), asking me to extend the time because of good cause and excusable neglect. Specifically, he claims he was delayed because he was working on his motion to disqualify, attempting to stop the Mafia from harassing him, and proceeding *pro se*. Because I entered judgment on January 4, plaintiff had until March 4, 2010 to file his notice of appeal[1]. *See* Fed. R. App. P. 4(a)(1)(B). Under Rule 4(a)(5)(A), plaintiff was required to file any motion for extension of time within thirty days of that date – or April 4, 2010 – and show excusable neglect or good cause.

Even if plaintiff filed his motion to extend within the deadline for doing so, I conclude that he has not shown excusable neglect or good cause. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (the determination of whether a party's neglect of a deadline is excusable is "at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission."); *accord Gibbons v. Untied States*, 317 F.3d 852 (8th Cir. 2003). Plaintiff has waited to file this motion until more than two months after the deadline for filing a notice of appeal, and one month after the deadline to file for an extension. In that time, plaintiff filed two meritless motions – one of which was filed more than two months after the deadline for doing so – rather than filing

---

[1]Several of the defendants are United States officers.

notice of appeal. Although plaintiff maintains his efforts at stopping Mafia members from harassing him have prevented him from filing this motion, these efforts did not prevent him from filing two other motions in the months since I entered judgment. Moreover, plaintiff's *pro se* status does not relieve him from observing the Federal Rules of Civil and Appellate Procedure.

I note finally that plaintiff's motion for an amended judgment under Fed. R. Civ. P. 59 does not extend his time for filing notice of appeal. Fed. R. App. P 4(a)(4) provides that a party may file notice of appeal within sixty days of the entry of an order disposing of a motion to amend judgment under Fed. R. Civ. P. 59, but only if that motion was timely filed. Because plaintiff waited until more than two months after the deadline for doing so to file his motion to amend judgment, this section does not apply. *See* Fed. R. App. P. 4(a)(4)(A) (providing extension if "a party *timely* files" a motion to amend judgment) (emphasis added).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to extend the time to file his notice of appeal [#66 and #67] are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of May, 2010.